[Crim. No. 5148. Second Dist., Div. One. Feb. 15, 1954.]

THE PEOPLE, Respondent, v. JACK CLAUDE WALTERS, Appellant.

Lowell Lyons for Appellant.

No appearance for Respondent.

THE COURT.—This is a petition asking this court to fix bail on appeal. It appears that on or about July 9, 1952, appellant herein was convicted in the Superior Court of the

County of Los Angeles of violation of section 503 of the Vehicle Code, a felony. Proceedings were suspended and the accused was placed on probation.

While appellant was on probation in the above-mentioned proceeding, the district attorney of Los Angeles County, on October 7, 1953, filed another information against appellant, containing three counts, in each of which he was accused of the crime of forgery of fictitious name, a felony. To this information appellant pleaded guilty as to count I thereof and not guilty as to counts II and III. Judgment was pronounced on count I by which appellant was sentenced to the state prison. Counts II and III were dismissed.

At the time the last-mentioned judgment was pronounced, the court revoked the probation in the case first above mentioned and sentenced appellant to state prison, the sentences to run concurrently.

Appellant filed a timely notice of appeal "from the judgment rendered in the above entitled case" (the one wherein he was charged with forgery of fictitious name) "on the 18th day of November, 1953." Bail on appeal was fixed by the superior court in the sum of $5,000. The petition alleges that a good and sufficient bond in said amount was tendered, but "clerk of said court has refused to release the defendant and accept the bond because of revocation of probation" in the first above-mentioned action.

No appeal was taken from the judgment pronounced in the first case. Appellant contends, however, that "the proceedings in the appealed case and the termination of the probation in said action 149810 were all substantially one proceeding . . .."

With this contention we cannot agree. Two separate judgments were pronounced and an appeal taken from only one of them. Since no appeal was taken from the judgment rendered in the first above-named case, this court is without power to fix bail or to order the release of appellant.

The petition is denied.

A petition for a rehearing was denied March 1, 1954.