[Crim. No. 5148.   Second Dist., Div. One.   June 30, 1954.]

THE PEOPLE, Respondent, v. JOHN CLAUDE WALTERS, Appellant.

Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

DORAN, J.—In an information filed October 7, 1953, the appellant was charged with three counts of forgery of fictitious name in reference to the passing of certain fictitious checks, with intent to cheat and defraud named victims as follows: Count One, Maurice Karz, California Surplus Outlet and Pasadena First National Bank, $59.06; Count Two, M. G. Gusty, Sundries Fountain and Pasadena First National Bank, $59.06; Count Three, Mrs. Beulah Lailey and the same bank, $59.06. Appellant was further charged with a prior felony conviction of violation of Section 503, Vehicle Code.

The public defender was appointed as counsel for defendant who entered pleas of guilty to the first count and not guilty to the other two counts. Application for probation was denied and appellant was sentenced to the state prison. The other counts were dismissed. On February 10, 1954, a petition to fix bail on appeal was filed and denied; a petition for rehearing was likewise filed and denied.

In denying the petition to fix bail on appeal, this court stated: "At the time the last-mentioned judgment (i.e., the instant judgment) was pronounced, the court revoked the probation in the case first above mentioned and sentenced appellant to state prison, the sentences to run concurrently. . . . No appeal was taken from the judgment pronounced in the first case. Appellant contends, however, that 'the proceedings in the appealed case and the termination of probation in said action 149810 were all substantially one proceeding. . . .' With this contention we cannot agree. Two separate judgments were pronounced and an appeal taken from only one of them. Since no appeal was taken from the (first) judgment . . . this court is without power to fix bail or to order the release of appellant." (*People* v. *Walters,* 123 Cal.App.2d 184, 185 [266 P.2d 563].)

Appellant contends that "The trial court erred in denying probation in Case No. 159317 (the present action) and in holding that its revocation of probation in Case No. 159317 (previous motor vehicle prosecution) were not one and the same proceeding, and reviewable on appeal from the judg-

ment.'' This contention is devoid of merit. The case of *People* v. *Robinson*, *(Cal.App.) 266 P.2d 78, and other opinions cited in support thereof, bear no resemblance to the factual situation here presented and cannot be deemed authority for appellant's contention.

As hereinbefore noted, there was no appeal from anything save the judgment in the instant case. The two prosecutions were not, as appellant contends, ''substantially'' the same proceedings but were and are entirely separate and distinct. It would do violence to all the tenets of appellate procedure if an appeal from one judgment should be held to open up for review the merits of another and separate proceeding. The propriety of an order revoking probation granted in a prior case is therefore not properly reviewable on this appeal. And, as noted in the respondent's brief, ''there is nothing in the instant record to show that the judgment was not properly rendered.''

A survey of the record indicates that customary and proper steps were taken by the trial court in respect to the matters about which appellant now complains. There is no merit in any of the contentions made.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

*A hearing was granted by the Supreme Court on February 24, 1954. The final opinion of the Supreme Court is reported in 43 Cal.2d —— [271 P.2d 872].