[Crim. No. 583.   In Bank.—March 8, 1901.]

THE PEOPLE, Respondent, v. GEORGE WALKER, Appellant.

CRIMINAL LAW — APPEAL FROM JUDGMENT — LIMITATION — MANDATORY STATUTE — JURISDICTION — DISMISSAL. — The limitation in the Penal Code, of one year after the rendition of the judgment within which "an appeal from a judgment must be taken," is mandatory; and this court has no jurisdiction to entertain such appeal taken after the lapse of that period, and it must be dismissed.

ID. — CONSTRUCTION OF CODE — IRREGULAR APPEAL — FAILURE TO DISMISS — CONSIDERATION OF MERITS. — Section 1248 of the Penal Code, providing for a dismissal for irregularity in any substantial particular upon five days' notice, does not permit the consideration of an appeal upon its merits, if no such notice is given, unless it be in cases where the objection to the appeal is not jurisdictional.

ID. — SENTENCE IN FELONY CASES — ARRAIGNMENT — NOTICE AND REQUEST — MANDATORY STATUTE. — The requirements of the statute, that in felony cases, where the defendant appears for judgment, "he must be informed by the court of the charge against him, and of his plea, and the verdict, if any, thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him," are mandatory, and a substantial compliance therewith is essential.

ID. — CORRECTION OF MINUTES — VACATION OF JUDGMENT — PROPER ARRAIGNMENT. — Where the sentence was pronounced without a substantial compliance with the requirements of the statute, and the clerk entered up the judgment upon a stereotyped form, reciting such full compliance, the court has power, and ought on proper application, to correct the minutes, and set aside the judgment as·

'132   137|
s132   144|

|132   137
|j139   111

132   137
|142    92.
|142    94|

entered, and then proceed properly to arraign the defendant for sentence.

ID. — MOTION FOR NEW TRIAL — WAIVER OF ARRAIGNMENT. — A motion for a new trial, made by the counsel for the defendant when called for sentence, does not constitute a waiver by the defendant of the arraignment required by the statute, where he is sentenced upon denying the motion for new trial.

ID. — RECORD UPON APPEAL — EXCEPTIONS — APPEALABLE ORDERS. — The defendant, not having any means of securing a record upon appeal, which would show the error complained of otherwise than by moving to correct the minutes and to set aside the judgment, was entitled to except to the action of the court in refusing such motion, and to appeal from the orders of the court refusing them.

ID. — MOTION TO DISCHARGE DEFENDANT. — A motion to discharge the defendant because not properly arraigned for sentence, was properly denied.

ID. — REVIEW OF ORDER REFUSING TO ARREST JUDGMENT. — An order refusing to arrest judgment can only be reviewed upon appeal from the judgment.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from orders refusing to vacate the judgment, refusing to correct the minutes of the court, refusing to discharge the defendant, refusing to arrest the judgment, and vacating an order staying proceedings. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Tirey L. Ford, Attorney-General, John B. Mhoon, and Osgood Putnam, for Respondent.

BEATTY, C. J. — The defendant, having been convicted of the crime of embezzlement, appeals from the judgment of the superior court and from five separate orders made after judgment. The several notices of appeal were served more than a year after the rendition of the judgment, and the question arises, whether we have any jurisdiction of the appeal therefrom. In civil cases it seems to have been settled that this court is without jurisdiction to determine an appeal taken or attempted after the expiration of the time prescribed by the statute. (*Fairchild* v. *Daten*, 38 Cal. 286; *Langan* v. *Langan*, 89 Cal. 195.) But it is contended that the same conclusion does not follow in criminal cases. The language of

the Penal Code, however, is on this point quite as mandatory as that of the Code of Civil Procedure: "An appeal from a judgment must be taken within one year after its rendition, and from an order within sixty days after it is made." (Pen. Code, sec. 1239.) In *People* v. *Varnum*, 53 Cal. 630, this court held that an appeal taken from an order in a criminal case more than sixty days after it was made must be dismissed, and for the same reasons an appeal attempted from a judgment more than a year after its rendition must be dismissed. If the legislature can limit the time within which appeals in criminal cases must be taken, it seems very clear that such limit has been fixed by the above-quoted section 1239. But appellant contends that the apparent force of the language there used is materially qualified by the provisions of section 1248: "If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may, on any day, on motion of the respondent, upon five days' notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed."

According to appellant's construction of this section, no appeal can be dismissed in a criminal case for any irregularity, except upon five days' notice, and as there has been no motion to dismiss this appeal, he contends that it must be decided (as it was argued and submitted) upon its merits. This conclusion would probably follow if the objection to the appeal was not jurisdictional, but we can see no ground upon which a distinction in this respect can be made between civil and criminal cases, and upon the authority of the decisions above cited we feel constrained to hold that the appeal from the judgment herein cannot be considered.

The appeals from the orders after judgment were taken in time, and must be decided on their merits. The most important of these orders were those overruling the motions of the defendant to vacate the judgment and to correct the minutes of the court reciting the proceedings taken at the time the sentence was pronounced.

The judgment as entered in the minutes of the trial contains a recital to the effect that when the defendant was brought into court for sentence, he was duly informed of the nature of the charge against him, of his plea, and the verdict, and was asked if he had any cause to show why judgment should not be pronounced against him. By his motion to amend, the de-

fendant sought to have these minutes so corrected as to show that he was not informed before or at the time of the rendition of the judgment, either by the court or by the clerk, of the nature of the charge against him, and of his plea, and was not asked whether he had any cause to show why judgment should not be pronounced against him. Necessarily, the motion to vacate the judgment was involved in the fate of the motion to correct the minutes, and both were denied.

It is contended on behalf of the people that the orders of the court imply a finding that the minutes of the trial were correct, and since there is some evidence (in the minutes themselves) to support such finding, the order must be affirmed on that ground.

But there can be no implication of a finding that the minutes were correct, in view of the statements contained in the bill of exceptions settled by the judge, which show that he found the facts substantially in accordance with the affidavit of the defendant and the official reporter's notes of the proceedings, and that what actually took place was this: The judge simply called the name, — George Walker, — whereupon his counsel, without waiting for more, moved for a new trial, which, after argument, was denied by the court upon a pretty full review of the evidence in the case. At the conclusion of this review the judge immediately pronounced sentence. These facts being shown by the bill of exceptions, we conclude that the superior court did not deny the motion to correct the minutes because the judge found them literally true, but because he held that they stated the legal effect of what actually occurred. The question is therefore presented, whether any substantial right of the defendant was infringed by pronouncing sentence without clearly informing him of the nature of the charge, etc., and asking him if he had any cause to show why judgment should not be pronounced.

In felony cases the defendant must be present when the judgment is rendered, and when he appears for judgment "he must be informed by the court, or by the clerk under his direction, of the nature of the charge against him, and of his plea, and the verdict, if any, thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him." (Pen. Code, sec. 1200.) These provisions are mandatory, and a substantial compliance therewith is essential, for they affect important rights of the defend-

ant, who, when thus called upon, may show either that he is insane or that there are grounds for a new trial, or for arrest of judgment. If a sentence is pronounced without a substantial compliance with these requirements, and the clerk enters up a judgment upon a stereotyped form showing full compliance, certainly the court has power to correct its minutes upon a proper application, and it ought to do so. And more especially because the mistake can be easily and speedily corrected by simply setting aside the judgment as entered, and then proceeding regularly in the arraignment of the defendant, who, if he shows no good cause why judgment should not be pronounced, may be duly and properly sentenced. We presume that course would have been followed in this case if the judge who decided the motions had not been of the opinion that the action of defendant's counsel in moving for a new trial before arraignment amounted to a waiver. We think that the decision of the case really turns upon this point: Was there a waiver of the arraignment? It has been decided here that a defendant, when arraigned to plead, may waive a copy of the indictment by asking time to plead, before a copy has been delivered, and it is said that he may waive other *formal* steps prescribed by the statute. (*People* v. *Lightner,* 49 Cal. 228.) In that case, however, the indictment had been read to the defendant, and the clerk had stated that a copy would be completed and handed to the defendant's counsel, which was done before he was called upon to plead. Under these circumstances it was held that the court properly entered a plea of not guilty upon the refusal of the defendant to interpose any plea. That case is therefore scarcely a precedent for this. There, every substantial requirement of the statute was complied with, while here, several such were wholly omitted, and we do not find that it has been held in any case that a waiver of any substantial right of a defendant can be implied from the acts of his counsel. We think the motions to correct the minutes and vacate the judgment should have been sustained.

No question has been raised by counsel for the people as to the right of appeal from these orders, but the question suggests itself and has been considered. We think the orders were appealable. They were made after final judgment, they affected substantial rights of the defendant, and the errors to which the motions were directed could not have been reviewed on

appeal from the judgment. An appeal from the judgment would have brought up only such bills of exceptions as the statute allows. These are all specifically defined and enumerated in sections 1170, 1172, and 1173 of the Penal Code, and only one of them applies to a case in which the judgment falsely recites that the defendant has been properly arraigned for sentence.

The only possible means by which he can save an exception to an order of this character is by making a motion after judgment to correct the minutes and vacate the judgment, based upon a showing of the facts,—in which case he can have an exception to the order denying his motion, if it is denied, under subdivision 5 of section 1172 of the Penal Code, which permits an exception to the action of the court "in making or refusing to make an order after judgment affecting any substantial right of the parties."

Ordinarily, of course, where a party may appeal from a judgment or order he must appeal direct, and is not allowed to move to set aside and then appeal from the order denying his motion. But this is only a rule of practice, and it does not apply when the case is such that a direct appeal would afford no relief by reason of the impossibility of securing a record showing the error complained of. (*Pignaz* v. *Burnett,* 119 Cal. 162, and cases cited.)

If a defendant were sentenced in his absence, and without any pretense of arraignment, the proceeding would be virtually *ex parte,* and the right to move to vacate would be clear. It is equally clear that a false or erroneous entry in the minutes of the court, made in the absence of the defendant, by which his substantial rights are injuriously affected, is, upon the same grounds, the subject of a motion to amend or correct, and the orders made upon such motions are the subject of exception, under the provision of the statute above quoted. Under that provision, and under that alone, can a record be secured, in such cases, upon which the errors of the trial court may be reviewed. We are satisfied, upon these grounds, that the appeals lie. The other appeals need no special consideration. The motion in arrest of judgment was not in order until the judgment, as entered, was set aside, and the order upon that motion, when properly and regularly made, can only be reviewed on appeal from the judgment. If, upon the arraignment of the defendant herein ordered, he renews his motion in

arrest, or makes other appropriate motions, and if they are overruled, the various orders of the court may be r .ewed upon an appeal from the judgment then pronounced.

The motion to discharge the defendant was properly denied, and the order vacating the stay of proceedings is of no consequence, in view of the right of the defendant, if again sentenced, to apply for a certificate of probable cause for any new appeal he may decide to prosecute.

The orders denying the motions to correct the minutes and vacate the judgment are reversed, and the cause remanded, with directions to the superior court to arraign the defendant for judgment and to proceed thereupon as it may be advised.

McFarland, J., Van Dyke, J., Garoutte, J., and Henshaw, J., concurred.

Rehearing denied.