[Crim. No. 1588.   Third Appellate District.—March 8, 1938.]

THE PEOPLE, Respondent, v. WILMER C. SPIVEY, Appellant.

E. H. Zion for Appellant.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

THE COURT.—This cause is before us upon an appeal from an order of the Superior Court of Stanislaus County denying defendant's motion to annul and set aside a judgment theretofore rendered against the defendant, following

a trial in which the defendant was convicted on an information charging him with three separate robberies, and also with three prior convictions for which the defendant served sentences.

The grounds of the appeal and the reasons advanced as to why the judgment of conviction should be annulled and set aside is based upon the allegation that the defendant, in the trial referred to, was allowed only ten peremptory challenges instead of twenty. In this behalf the defendant calls our attention to section 1070 of the Penal Code, which provides, if the offense charged be punishable with death or imprisonment for life, the defendant is entitled to twenty peremptory challenges. When the defendant is on trial for any other offense, ten challenges only are allowable.

Section 644 of the Penal Code, relative to habitual criminals, allows a penalty of life imprisonment where one is convicted of offenses charging priors, as in the instant case.

A number of cases are cited to the effect that under the circumstances surrounding and attendant upon the trial of the defendant on the charges of robbery, as referred to the defendant should have been allowed twenty peremptory challenges.

Whether the trial court did or did not err in refusing to allow the defendant more than ten peremptory challenges is really not before us for decision. In the cases cited, beginning with *People* v. *O'Connor*, 81 Cal. App. 506 [254 Pac. 630]; *People* v. *Hall*, 199 Cal. 451 [249 Pac. 859]; *People* v. *Garcia*, 98 Cal. App. 702 [277 Pac. 747]; *People* v. *Wismer*, 58 Cal. App. 679 [209 Pac. 259]; *People* v. *Walker*, 132 Cal. 137 [64 Pac. 133]; *People* v. *Stratton*, 133 Cal. App.. 309 [24 Pac. (2d) 174], and other cases which we need not cite, the question relative to the error of the court in allowing or refusing to allow peremptory challenges was presented upon appeals. In all of those cases the court was at liberty to examine the record of the trial in passing upon the alleged error or errors of the trial courts. Such is not the state of the record before us. In passing upon the defendant's motion we are confined to an examination of the judgment roll alone. This examination reveals that the judgment is absolutely regular, and, therefore, irrespective of any errors which might have been examined and corrected upon appeal, are immaterial.

This proceeding is a collateral attack upon the judgment, and unless the judgment upon its face shows that it is void, the attack must fail. (15 Cal. Jur., p. 59, sec. 145.)

The order denying the defendant's motion to annul and set aside the judgment of conviction against him is affirmed.