[Crim. No. 3756. Second Dist., Div. One. Mar. 10, 1944.]

THE PEOPLE, Respondent, v. FRED C. HAWTHORNE, Appellant.

Fred C. Hawthorne, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

WHITE, J.—In an information containing five counts the defendant was charged in each count with the crime of forgery. It was also alleged that the defendant had theretofore suffered three convictions on felony charges upon each of which convictions he served a term in prison. Following the entry of not guilty pleas on all counts in the information, the cause proceeded to trial before the court sitting without a jury, resulting in defendant's conviction upon all five counts. The court also found the allegations as to all alleged prior convictions to be true.

From the order denying his motion for a new trial and from the judgment of conviction, defendant prosecutes this appeal.

Respondent moves to dismiss the appeal on the ground that the record does not indicate whether it was taken from the judgment, the order denying the motion for a new trial, or from both. ■ We feel, however, that the document filed by defendant in the trial court within five days after denial of the motion for a new trial and the pronouncement of judgment, and denominated "notice of intention to appeal and other relief" was such a substantial compliance with the statute as to constitute a notice of appeal from both the judgment and the order denying a new trial. The notice was so considered by the trial judge who ordered the clerk's and reporter's transcripts prepared and the same are now before us. In the interest of justice we shall, therefore, give consideration to the appeal as being one from both the judgment and the order denying the motion for a new trial.

The sole and only ground urged for a reversal is that the trial court, at the time defendant was arraigned for judgment did not inquire of him as to whether "he has any legal cause to show why judgment should not be pronounced against him" as prescribed by section 1200 of the Penal Code. Respondent concedes and the reporter's transcript shows that the pertinent inquiry was not made. This being the only issue presented in this proceeding, we deem it unnecessary to set forth a statement of the evidence other than to say that it was abundantly sufficient to establish defendant's guilt upon all counts pleaded in the information.

■ There can be no question but that in felony cases, when judgment is rendered the defendant must be personally present and at that time, in accordance with the provisions of section 1200 of the Penal Code "he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and *must be asked whether he has any legal cause to show why judgment should not be pronounced against him."* (Emphasis added.) A perfunctory adherence to these provisions will not suffice, and a substantial compliance therewith is essential, for they are mandatory, affecting as they do important rights of the defendant, who when thus advised and called upon, may show either that he

is insane, or that there are existing grounds warranting a new trial, or move for arrest of judgment (*People* v. *Walker,* 132 Cal. 137, 140 [64 P. 133]).

The attorney general, however, contends that appellant's claim is answered by the following which appears in the clerk's transcript of the proceedings had when the defendant appeared for judgment: "No legal cause appearing why judgment should not be pronounced, the Court pronounces judgment and sentence as to Counts 1, 2, 3, 4 and 5 of the information as follows: Defendant is sentenced to the State Prison for the term prescribed by law as to each count and remanded into the custody of the Sheriff of the County of Los Angeles, to be by him delivered into the custody of the Warden of the State Prison of the State of California at San Quentin. These sentences are ordered to run CONCUR-RENTLY and are entered in Judgment Book No. 51, Pages 356, 357 and 358."

While it is true that the clerk's transcript does show compliance with section 1200 of the Penal Code nevertheless, a strong showing to the contrary is made by reference to the reporter's transcript, which furnishes ample grounds for the inference, if not the conclusion, that the clerk entered up a judgment based upon his own conclusions, upon a stereo-typed form showing full compliance with the above quoted Penal Code section, when in fact, as revealed by the report-er's transcript, the provisions of said section were ignored.

However, insofar as the instant case is concerned, it is indicated by judicial determination (*People* v. *Walker, supra*) that the "legal cause" if any existed, which might have been urged by the defendant at the time he was ar-raigned for judgment, "why judgment should not be pro-nounced against him," consisted of a showing either that he was then insane, or that legal grounds existed by reason of which he should be granted a new trial, or a motion for arrest of judgment. ■ The record herein reveals that prior to the pronouncement of judgment the defendant made a motion for a new trial which was submitted without argument and de-nied by the court. As to a motion in arrest of judgment, the same is defined by section 1185 of the Penal Code, which specifies the grounds upon which such a motion may be based "unless the objection has been waived by a failure to demur, etc." The record in the case at bar discloses that the de-

fendant interposed no demurrer to the information. Consequently, it must be assumed that he waived his right to show any reason in arrest of judgment as a "legal cause" why judgment should not be pronounced against him (*People* v. *Swift*, 140 Cal.App. 7, 10 [34 P.2d 1041]). ■ However, in addition to the grounds set forth in section 1185 of the Penal Code, the defendant is entitled by the provisions of section 1201 of the same code, as one of the "causes which may be shown against judgment," to show at the time of his arraignment for judgment "that he is insane." In his briefs filed herein defendant makes no such contention, nor did he make such a claim in the trial court. Furthermore, had defendant relied upon the possible fact that he was insane when he appeared before the trial court for sentence, it was necessary for him not only to specify such ground as a basis for his motion in that regard, but it was incumbent upon him to furnish evidence of that fact. And as was said in *People* v. *Swift, supra,* "Since he failed in that regard and does not now urge it as a reason that he either could or would have assigned such cause in arrest of judgment, he neither was at that time, nor is now, injured because he was not afforded an opportunity in that regard." ■ The law is well settled that before a reversal is authorized the appellant must not only show that error was committed but he is required to further show that by reason of such error he has suffered thereby through a denial to him of some substantial right guaranteed to him by law.

■ Since the decision was rendered in the case of *People* v. *Walker, supra,* section 4½ of article VI has been added to our state Constitution. This section, we feel, covers this case. By its provisions we are restrained from directing a reversal unless "after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." Since, in the case with which we are here concerned, the record indicates that the defendant took advantage of certain of his rights at the time sentence was pronounced, waived others, and neither in the trial court nor here makes any claim that injury to his substantial rights was occasioned by the denial of his remaining right, coupled with the fact that a reading of the reporter's transcript convinces us that the proof of defendant's guilt was overwhelming, there is no sufficient

reason shown why the judgment and order appealed from should be reversed.

For the foregoing reasons the judgment and the order by which defendant's motion for a new trial was denied are, and each is affirmed.

York, P. J., and Doran, J., concurred.