[Crim. No. 4928.   Second Dist., Div. Three.   Mar. 26, 1953.]

THE PEOPLE, Respondent, v. BOB G. SUMNER, Appellant.

Bob G. Sumner, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemons, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of bookmaking. His motion for a new trial was denied. Imposition of sentence was suspended and he was placed on probation. He appeals from the judgment (an order granting probation is now a final judgment. Penal Code, section 1237(1), as amended in 1951), and from the order denying his motion for a new trial. His sole point is that the evidence is insufficient to support the conviction.

In the afternoon of February 22, 1952, two police officers entered a two-story residence in Los Angeles. The officers knocked and after a delay of about 15 seconds they were

admitted through an inner door by defendant. One of the officers immediately ran upstairs to a small room in which he extinguished a fire in a wastebasket. He removed small pieces of partially burned paper from the wastebasket. These pieces of paper were betting markers, or parts of betting markers, used for the purpose of recording bets on horse races; with bets on horses running that day, whether the horse won or lost, and the amount won or lost, recorded on them.

While the officers were on the premises the telephone rang several times. On one of these occasions one of the officers answered and said: "Hello." A male voice said: "John. Toot Toot Tootsie, one to place, one to show." The officer replied "O. K." Toot Toot Tootsie was a horse running at Santa Anita that day. "John" was the name of the bettor. "One to place" and "one to show" was a bet of one dollar to place and one dollar to show on Toot Toot Tootsie.

In a bureau drawer in defendant's bedroom the officers found an "owe sheet." The "owe sheet" contained fictitious names of persons who owed money to a bookmaker and to whom he owed money as a result of bets on horse races.

Defendant did not testify or offer any evidence in his own behalf.

"Bookmaking" is "the making of a book of bets." (*People* v. *Coppla,* 100 Cal.App.2d 766, 768 [224 P.2d 828].)

The evidence we have related is sufficient to support the conviction. The argument appears to be that there was no proof connecting defendant with the bookmaking paraphernalia. The delay in opening the door; the presence of betting markers in the house occupied by defendant; the reasonable inference that defendant set the fire and attempted to burn the betting markers; the telephone call of the person seeking to make a bet; the fact that the telephone rang several times while the officers were in the house; the finding of the "owe sheet" in defendant's bureau drawer; the failure of defendant to take the stand and explain the incriminating circumstances—these facts were sufficient to warrant the trial court in concluding that defendant was engaged in bookmaking. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.