[Crim. No. 5579.   In Bank.   June 25, 1954.]

THE PEOPLE, Respondent, v. WILLIAM C. ROBINSON, Appellant.

144

Andrew H. McConnell, Samuelson & Buck and Clarence Hengel for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SPENCE, J.—In September, 1951, defendant pleaded guilty to a charge of violating Penal Code, section 337a, subdivision 3 (bookmaking), and applied for probation. On November 5, 1951, upon arraignment for judgment, proceedings were suspended and defendant was placed on "probation for a period of two years under the following conditions: Defendant must serve thirty days of his probationary period in the County Jail, with good time allowed, if earned; must not engage in gambling activities; and must obey all rules and regulations of the Probation Department." On May 7, 1953, the court found that defendant had violated the terms of his probation, which was thereupon revoked, and judgment was pronounced, whereby defendant was sentenced to the county jail for the term of three months. Defendant appeals from the "order revoking probation."

Preliminarily, the propriety of defendant's designation of his appeal as an appeal from the "order" rather than the "judgment" must be considered. At the time probation was granted in November, 1951, as well as later when it was revoked and sentence was pronounced, Penal Code, section 1237, as amended in 1951, authorized an appeal by a defendant: "1. From a final judgment of conviction; *an order granting probation shall be deemed to be a final judgment within the meaning of this section*; 2. . . . . 3. From any order made after judgment, affecting the substantial rights of the party." (Emphasis added.) Prior to the 1951 amendment adding the italicized clause, an order granting probation did not constitute a "final judgment of conviction" from which an appeal might be taken. (*In re Phillips,* 17 Cal.2d 55, 63-64 [109 P.2d 344, 132 A.L.R. 644] ; *People* v. *Leach,* 90 Cal.App.2d 667, 671 [203 P.2d 544].) ▆ While under the 1951 amendment an order granting probation is expressly designated a "final judgment" for the purpose of appeal (*People* v. *Haeussler,* 41 Cal.2d 252, 254 [260 P.2d 8] ; *People* v. *Brown,* 114 Cal.App.2d 52, 53 [249 P.2d 595] ; *People* v. *Sumner,* 117 Cal.App.2d 40 [254 P.2d 598]), a subsequent order revoking probation does not thereby become an "order made after judgment, affecting the substantial rights of the party" and so appealable. (Pen. Code, § 1237, subd. 3.) To hold otherwise would give the 1951 amendment greater scope than its language would reasonably support in its limited extension of a defendant's right to appeal from a theretofore nonappealable order. (3 Cal.Jur.2d, § 86, p. 536.) Rather, it would appear that upon entry of judgment in a case *following* the order revoking probation, the latter order does not gain any added stature by reason of the 1951 amendment because made after the order granting probation but it remains, as before, an intermediate order reviewable on appeal from the judgment. (*People* v. *Boyce,* 99 Cal.App.2d 439, 442 [221 P.2d 1011].) ▆ Of course, an order revoking probation made *after* entry of judgment is appealable within the express terms of subdivision 3, section 1237, of the Penal Code. (*People* v. *Martin,* 58 Cal.App.2d 677, 678 [137 P.2d 468].)

▆ However, a notice of appeal will be liberally construed to permit a hearing on the merits and avoid a dismissal because of some technical defect or irregularity. (*People* v. *Guerrero,* 22 Cal.2d 183, 185 [137 P.2d 21] ; Rules on Appeal, rule 31, 36 Cal.2d 26.) ▆ Here the judgment, after pre-

liminarily declaring that "probation heretofore granted is revoked," continues with the terms of punishment imposed on defendant. In other words, the revocation of probation and the pronouncement of judgment were practically one act. In taking his appeal from such adjudication, defendant improperly designated the objectionable ruling as the "order revoking probation" rather than the judgment, of which the order was an integral part. Under the circumstances, where the attempted appeal was timely taken (being filed on the same day that the judgment was pronounced) and respondent has suffered no prejudice by reason of the improper designation, the notice of appeal should be construed as sufficient to constitute an appeal from the "judgment," as authorized and intended. The notice was so considered by the trial judge, who ordered the clerk's and reporter's transcripts prepared and they are in the record before us. Accordingly, in the interest of justice, the merits of defendant's appeal will be reviewed. (*People* v. *Hawthorne,* 63 Cal.App.2d 262, 264 [146 P.2d 517]; *People* v. *Aresen,* 91 Cal.App.2d 26, 28 [204 P.2d 389, 957]; see also *Collins* v. *City & County of San Francisco,* 112 Cal.App.2d 719, 722-723 [247 P.2d 362].)

The record reveals that at the time of revocation of defendant's probation, a hearing was had wherein it appeared that defendant had been found guilty of a conspiracy to violate section 337a of the Penal Code (committed October 24, 1952). The appeal from such judgment of conviction has this day been decided and the judgment has been affirmed. (*People* v. *Robinson,* Crim. No. 5580, *ante,* p. 132 [271 P.2d 865].) Manifestly, such conviction, though not then final pending appeal, was sufficient to warrant the trial court's conclusion that defendant was engaged in criminal practices in violation of the terms of his probation, which was thereupon revoked. Under all the circumstances there is no basis for disturbing the judgment entered against defendant. (*People* v. *Hainline,* 219 Cal. 532, 534 [28 P.2d 16]; *People* v. *Silverman,* 33 Cal.App.2d 1, 5 [92 P.2d 507].)

The judgment is affirmed.

Shenk, Acting C. J., Edmonds, J., Traynor, J., and Bray, J. pro tem.,* concurred.

CARTER, J.—I dissent.

Assuming that defendant has a valid appeal from the order revoking probation, I would reverse the order as I do not

*Assigned by Chairman of Judicial Council.

believe a valid order revoking probation can be predicated upon a judgment of conviction which has not become final. If such a procedure is permitted, a defendant who has been admitted to probation could have his probation revoked upon the entry of a judgment against him in another criminal proceeding even though the latter judgment might be void and subject to collateral attack. It may be true that the court could have based its order revoking probation upon the evidence produced at the trial in which the judgment of conviction was obtained, but that is quite a different matter than basing the order revoking probation upon the judgment of conviction which has not become final. For the foregoing reason I would reverse the order revoking probation and the judgment which was pronounced against defendant following the entry of the order revoking probation.

Schauer, J., concurred.