[No. A027703. First Dist., Div. Four. Apr. 18, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RONNIE E. AVERY, Defendant and Appellant.

COUNSEL

John A. Halley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**CHANNELL, J.**—In this case we are asked to decide whether a trial court has discretion to revoke probation based on a subsequent criminal conviction which is still subject to appeal. We hold that it does have such discretion, and affirm the order revoking probation.

## I. PROCEDURAL FACTS

In April 1982 appellant Ronnie E. Avery pled guilty to grand theft. (Pen. Code, § 487, subd. 1.)[1] Imposition of sentence was suspended and appellant was placed on probation for three years.

In January 1984 a misdemeanor complaint was filed, alleging a petty theft with a prior. (§ 666.) Later, a petition to revoke probation was filed, based on the same petty theft offense.

■ ■■■■ On May 31, 1984,[2] a probation revocation hearing commenced in superior court. Pursuant to *People* v. *Jasper* (1983) 33 Cal.3d

---

[1] Unless otherwise indicated, all section references are to the Penal Code.

[2] During the intervening time period, appellant failed to appear at a scheduled hearing. The court summarily revoked his probation at that time, and a bench warrant was issued. Thus, the issue of the May 31 hearing was actually "whether probation should remain revoked." In that context, the purpose of the hearing was to afford appellant an opportunity to require the authorities to establish that the alleged violations did in fact occur and to justify the revocation. (See *People* v. *Vickers* (1972) 8 Cal.3d 451, 460 [105 Cal.Rptr. 305, 503 P.2d 1313].)

931 [191 Cal.Rptr. 648, 663 P.2d 206],[3] defense counsel moved to postpone the probation revocation hearing until after completion of the criminal trial, which was scheduled to commence in the municipal court the next day. As a prosecution witness was present, the trial court heard his testimony and then continued the revocation matter until after the criminal trial was completed.

Following a jury trial in the municipal court, appellant was convicted and sentenced to 10 months in county jail. A notice of appeal from this misdemeanor conviction was thereafter timely filed.[4]

Meanwhile, when the probation revocation hearing resumed in superior court on June 11, 1984, the district attorney offered into evidence a certified copy of the misdemeanor conviction. Neither side offered any further evidence. The defense argued that if probation was revoked, appellant should not be sent to state prison. No objection was ever made to the court's consideration of the criminal conviction. The court then found, "based on the testimony presented to this Court, and also based on the fact that the defendant has been convicted following a jury trial of a theft related offense while on felony probation for grand theft, that he has violated the terms and conditions of his probation and orders his probation [remain] revoked in this case." Appellant was adjudged and sentenced to state prison for two years with appropriate credits, to be served concurrent with his misdemeanor sentence. A timely notice of appeal in this matter followed.[5]

## II. DISCUSSION

██ Appellant contends that a probationer's conviction of a new offense may not serve as a conclusive determination that a probation violation has occurred, unless that conviction has become final and is no longer subject to appellate review. Basing his argument both on constitutional and common

---

[3]*Jasper* reaffirmed *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024]; see also *People* v. *Weaver* (1985) 39 Cal.3d 654, 659, 660 [217 Cal.Rptr. 245, 703 P.2d 1139] [*Coleman* evidentiary rule survived Proposition 8].)

[4]We take judicial notice that this misdemeanor conviction was subsequently affirmed on appeal. (People v. Avery (Nov. 4, 1985) App. Dept. Super. Ct., San Francisco, App. Dept. No. CR-3409.) (Evid. Code, § 452, subd. (d)(1).)

[5]The notice of appeal purports to be from the order revoking probation. Where, as here, imposition of judgment was suspended and probation granted and later revoked, the order revoking probation is not appealable, but the judgment imposing sentence, which follows upon revocation, is appealable. However, on an appeal from such judgment, the court will review the validity and merits of the order revoking probation. (*People* v. *Smith* (1970) 12 Cal.App.3d 621, 623-624 [90 Cal.Rptr. 811].) In the interests of justice, we construe the notice of appeal as being from the "judgment." (*People* v. *Robinson* (1954) 43 Cal.2d 143, 145-146 [271 P.2d 872].)

law principles, he first argues that due process requires that the state meet its burden of factually establishing a probation violation through a hearing that has "the form of a trial, with the presence of witnesses and the introduction of evidence." (*In re Coughlin* (1976) 16 Cal.3d 52, 61 [127 Cal.Rptr. 337, 545 P.2d 249].) He then asserts that the effect of a prior judgment in probation revocation proceedings should be governed by collateral estoppel principles, and points out that California has traditionally denied collateral effect to nonfinal judgments. Several cases are cited to the effect that the operation of a final judgment is suspended by an appeal therefrom, and that pending such appeal the judgment is not admissible in another case as evidence, even between the same parties. (See, e.g., *Harris* v. *Barnhart* (1893) 97 Cal. 546, 550 [32 P. 589]; *Murray* v. *Green* (1883) 64 Cal. 363, 369 [28 P. 118]; *Wood* v. *Herson* (1974) 39 Cal.App.3d 737 [114 Cal.Rptr. 365].) Finally, citing authorities from other states (e.g., *Ledee* v. *State* (Fla.App. 1977) 342 So.2d 100; *Stoner* v. *State* (Okla. Crim. 1977) 566 P.2d 142, 143; *Harris* v. *State* (1960) 169 Tex.Crim. 71 [331 S.W.2d 941]), appellant contends the same rule should be applied to probation revocation proceedings in California. The failure to do so in this case, he says, was prejudicial to him.

While appellant's argument has a superficial appeal, it is inconsistent with established case law in California, it is not required by due process considerations, and its implementation would have adverse practical effects on the administration of our criminal justice system.

In *People* v. *Robinson, supra,* 43 Cal.2d 143, it was held that a subsequent conviction, "though not then final pending appeal, was sufficient to warrant the trial court's conclusion that defendant was engaged in criminal practices in violation of the terms of his probation, which was thereupon revoked." (*Id.,* at p. 146; see also *People* v. *Wilkins* (1959) 169 Cal.App.2d 27, 34-35 [336 P.2d 540]; *People* v. *Karman* (1956) 145 Cal.App.2d 806, 807 [303 P.2d 74].)

While acknowledging this case law, appellant argues it is "irrelevant" after *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] and *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], which imposed due process requirements upon parole and probation revocation procedures. In each of these more recent cases, however, it was recognized that the parole or probation revocation process "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." (*Morrissey* v. *Brewer, supra,* at p. 489 [33 L.Ed.2d at p. 499]; *People* v. *Vickers, supra,* at pp. 457-458; see also *People* v. *Maki* (1985) 39 Cal.3d 707, 714 [217 Cal.Rptr. 676, 704 P.2d 743] [approving use of reliable but

otherwise inadmissible hearsay].) Significantly, the United States Supreme Court in *Morrissey* stated, "Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." (*Id.,* at p. 490 [33 L.Ed.2d at p. 499].)

Although appellant cites cases from Florida, Oklahoma, and Texas to support his position, the general rule elsewhere is in accord with that in California. (See *Hutchinson* v. *State* (1982) 292 Md. 367 [438 A.2d 1335], 1336 [collecting cases]; see also Annot., Propriety of Revocation of Probation for Subsequent Criminal Conviction Which Is Subject to Appeal (1975) 76 A.L.R.3d 588.) Indeed, the 1977 Florida Court of Appeal case cited by appellant[6] was itself disapproved by the Florida Supreme Court in *Stevens* v. *State* (Fla. 1982) 409 So.2d 1051. In doing so, that court recognized that "[s]ince a judgment of conviction is presumed to be correct until reversed, the better and general rule is that a revocation of probation for a subsequent conviction is proper although the conviction is subject to appeal." (*Id.,* at p. 1052.) ▪▪ ▪▪ ▪▪ ▪▪ ▪▪ Rejecting a due process claim similar to appellant's, the Second Circuit has stated: "A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review." (*Roberson* v. *State of Connecticut* (2d Cir. 1974) 501 F.2d 305, 308.)[7] Absent any compelling constitutional reasons to decide otherwise, we abide by our Supreme Court's holding in *People* v. *Robinson, supra,* 43 Cal.2d at page 146. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

To hold otherwise would adversely affect the administration of our criminal justice system, to the potential detriment of both the public and the probationer. If we recognized a right to suspension of a revocation order during the pendency of the appeal from the subsequent conviction, we would run the risk of releasing repeat offenders into the community to await the outcome of the appellate process. To avoid this, the authorities would rely more heavily on the less formal probation revocation hearings held before trial, at which the People do not have the burden of proof beyond a reasonable doubt, evidentiary rules are relaxed (see *People* v. *Maki, supra,* 39

---

[6]*Ledee* v. *State, supra,* 342 So.2d 100.

[7]If the revocation of probation is based *solely* upon a subsequent conviction and that conviction is later reversed, then the revocation order must also be reversed and may be remanded for further determination. (See *People* v. *McNeal* (1979) 90 Cal.App.3d 830, 842, fn. 3, (7) [153 Cal.Rptr. 706].)

Cal.3d 707) and following which the probationer could be incarcerated immediately. This in turn would frustrate our Supreme Court's oft-stated preference that probation revocation proceedings be deferred until after disposition of the related criminal proceedings. (*People* v. *Coleman, supra,* 13 Cal.3d 867, 896; see also *People* v. *Jasper, supra,* 33 Cal.3d 931, 935; *People* v. *Belleci* (1979) 24 Cal.3d 879, 888, fn. 7 [157 Cal.Rptr. 503, 598 P.2d 473].)

■ Although the precise issue we now confront was not before it, we believe appropriate guidelines were noted by the Supreme Court in *People* v. *Coleman, supra:* "Trial courts should bear in mind that even when a probationer has been duly convicted of a new crime, he is entitled to a formal revocation hearing before his probation is revoked and sentence is imposed on the prior offense." (13 Cal.3d at p. 895, fn. 22.) ■ "It is true that *a conviction conclusively establishes the fact of a certain course of conduct by the person convicted.* . . . All that need be demonstrated to establish that a violation of probation has occurred is the fact of a new, post-probation conviction, the fact that such conviction or the conduct necessarily involved therein violated a condition of probation, and the further fact that such conviction was suffered by the particular probationer in question." (*Ibid.,* italics added.) Once the court has decided that a violation of probation has occurred, the court must go on to decide whether under all of the circumstances the violation of probation warrants revocation. "A probationer has a right to be heard and to present evidence on this issue as well as on the threshold issue of whether his probation has in fact been violated, and a probationer thus has a right to a formal revocation hearing notwithstanding his prior conviction of a new offense." (*Ibid.*)

■ In our case, the court had before it not only the certified copy of the prior conviction, but it previously had heard significant testimony regarding the underlying petty theft from one of the store detectives who had observed and arrested appellant. It had also read and considered the supplemental probation report which recommended that appellant's probation be revoked and that sentence be imposed. In that context, with the criminal trial completed and appellant no longer confronting the risk of incriminating himself, appellant was offered the opportunity to call witnesses or present evidence in his behalf. Instead, he chose to submit the matter on the evidence presented.

Appellant received all of the process he was due; the trial court did not abuse its discretion in revoking his probation.

The order revoking probation is affirmed.

Anderson, P. J., and Poché, J., concurred.