Filed 6/10/21  P. v. Garbutt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058867 |
| v. | (Super. Ct. No. 18WF2701) |
| DEONCAE GARBUTT, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey.  Affirmed.  Request for judicial notice granted.

Michelle LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Heather M. Clark, Deputy Attorney General, for Plaintiff and Respondent.

We appointed counsel to represent Deoncae Garbutt on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised the following two issues: (1) whether Garbutt knowingly waived his right to a contested probation violation hearing; and (2) whether Garbutt can challenge a probation revocation on appeal without a certification of probable cause.

We gave Garbutt 30 days to file written argument on his own behalf. Thirty days have passed, and Garbutt himself did not raise any specific issues.

After briefing was completed, we invited the parties to file supplemental letter briefs on the following issue: should the matter be remanded to the superior court with directions to conduct a hearing and rule on Garbutt's motion to vacate an improper probation violation sentence? Both parties filed letter briefs. Additionally, Garbutt filed a request to take judicial notice, which the Attorney General did not oppose.[1]

---

[1] We grant Garbutt's request to take judicial notice of the docket in Orange County Superior court case No. 18WF2701. (Evid. Code, §§ 459, subd. (a), 452, subd. (d)(1).)

FACTS

In January 2019, an amended felony complaint charged Garbutt with the following in case No. 18WF2701: carjacking (Pen. Code, § 215, subd. (a), all further statutory references are to the Penal Code, unless otherwise indicated) (count 1); unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)) (count 2); and assault with a deadly weapon (§ 245, subd. (a)(1)) (count 3). Garbutt pleaded guilty to count 1, and the trial court placed him on supervised probation. The court imposed various terms and conditions of probation including that he violate no law.

On December 16, 2019, Garbutt was charged in several misdemeanor cases, and there was a probation violation pending. Defense counsel informed the trial court Garbutt's guilty pleas depended on sentencing on the probation violation. The court referenced a conversation in chambers regarding what Garbutt could expect the result to be. The court did not state on the record what sentence was in chambers. Defense counsel explained Garbutt wanted to know the indicated sentence if he plead guilty to the charges. Defense counsel indicated if Garbutt did not agree, he would consider fighting the misdemeanor cases. The court responded as follows: "The case was sent here for pleas and for a probation violation hearing. [¶] And assuming the pleas don't go down, are the people ready to proceed with the probation violation hearing?" The prosecution answered ready. After conferring with Garbutt, defense counsel informed the court Garbutt would go forward with the guilty pleas to the misdemeanor counts. Garbutt entered guilty pleas to battery and petty theft (case No. 19WF2046), possession of paraphernalia and credit card fraud (case No. 19WM05122), identity theft, possession of drug paraphernalia, and possession of methamphetamine (case No. 19WM10113), petty theft (case No. 19WM08669), and possession of methamphetamine (case No. 19WM12929).

3

The court asked Garbutt if he understood that by pleading guilty, the court was going to find him in violation of the two open felony cases. Garbutt responded, "Yes, sir." The court determined the pleas to be free and voluntarily entered and placed Garbutt on three years of informal probation under various terms and conditions.

Based on the guilty pleas, the court found Garbutt in violation of his probation in two open felony probation cases (case Nos. 18WF2701 & 18WF2213[2]). On case No. 18WF2701, the court revoked Garbutt's probation and sentenced him to the midterm of five years, with 376 days credit. The court advised Garbutt that upon completion of his sentence he would be released on parole for a period not to exceed three years. It further advised him that he could be incarcerated for up to 180 days for each violation of parole and was also subject to flash incarceration for a period not to exceed 10 days. The court terminated Garbutt's informal probation grants, with the exception of the orders of restitution over which the court would retain jurisdiction. Lastly, the court advised Garbutt of his right to appeal.

On December 27, 2019, defense counsel submitted a "Motion to Vacate Improper Probation Violation Sentence" (motion to vacate) to be heard on January 3, 2020. Counsel argued the court sentenced Garbutt to five years in this case without an admission by Garbutt, a discussion of his constitutional rights, or a valid waiver. Counsel asserted Garbutt had due process rights for his alleged probation violation and noted these rights include the right to challenge the alleged violation, the right to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, the right to a neutral and detached hearing body, the right to counsel, and the right to be provided with the court's reasons for the revocation.

---

[2] The court revoked and terminated probation in case No. 18WF2213 without any extra punishment but retained jurisdiction over restitution in that matter. This case is not a subject of this appeal.

As authority, counsel cited *Morrissey v. Brewer* (1972) 408 U.S. 471, and *People v. Vickers* (1972) 8 Cal.3d 451. Counsel claimed the court did not advise Garbutt of his right to admit or deny the probation violation allegation or take a proper waiver of Garbutt's constitutional rights. Counsel later filed a Code of Civil Procedure section 170.6 motion to disqualify Judge Julian W. Bailey.

At the hearing on January 3, 2020, the trial court addressed both motions but continued the matters until January 24, 2020. On that day, the court continued the motion to January 31, 3020, noting the California Supreme Court stayed the matter. On that date, the court continued the motion to vacate to March 20, 2020. Garbutt remained in local custody. On February 11, 2020, Garbutt filed a notice of appeal from his December 16, 2019, sentencing indicating he was appealing after a contested probation violation hearing.

On March 20, 2020, a different defense counsel appeared before a different judge, Judge Cheri Pham, without her client, who apparently was not transported to court because of COVID-19 circumstances. Defense counsel indicated she believed the sentencing judge, Judge Bailey, had improperly sentenced Garbutt on a probation violation and noted she had filed a motion to vacate. She further indicated that when the motion was sent to the sentencing court, defense counsel filed a preemptory challenge, but the sentencing judge denied it. Counsel also indicated she filed a motion for Garbutt's release pending appeal. Counsel indicated she believed both motions should be before the sentencing judge, but she was prepared to proceed in Judge Pham's court if Judge Bailey could not hear the matter remotely.

The court noted the entire state was under an emergency order issued by the Governor the previous day. The court stated that due to the emergency order, the court would only hear preliminary hearings and pretrial matters and Garbutt's motions did not qualify as either. Defense counsel asserted the motions were urgent matters, but the court

5

disagreed. The court refused to hear the motions indicating it was Judge Bailey who needed to hear the motions. The court indicated Judge Bailey was not at the court due to self-quarantine suggestions but that did not make him unavailable. The court continued the matter to April 3, 2020, before Judge Bailey. The docket indicates that on April 7, 2020, the court denied Garbutt's request for release and his request to vacate his probation violation sentence. At the same time the court corrected the sentencing calculation of Garbutt's pre-sentence credits.

DISCUSSION

Garbutt asserts the superior court did not conduct a hearing and/or rule on the motion his motion to vacate. After taking judicial notice of the record, it is clear the court did rule on Garbutt's motions, denying both.

We do not address the issues relating to the trial court's ruling on Garbutt's motion to vacate because these issues were not specified in his notice of appeal. California Rules of Court 8.320(b)(8) requires "The judgment or order appealed from and any abstract of judgment or commitment" to be included in the notice of appeal. "[A] notice of appeal will be liberally construed to permit a hearing on the merits and avoid a dismissal because of some technical defect or irregularity. [Citation.]" (*People v. Robinson* (1954) 43 Cal.2d 143, 145.)

Here, we liberally construe the notice to be from the probation proceedings rather than from a contested probation violation hearing. But we cannot construe the notice to include a proceeding that occurred after the notice of appeal was filed.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

6

DISPOSITION

The judgment is affirmed.


                                    O'LEARY, P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.