EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AMÉRICO ORTIZ PÉREZ, acusado y apelante.

Núm. 13126—*Sometido:* Abril 1, 1948. *Resuelto:* Abril 27, 1948.

682

*L. Coballes Gandía,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Américo Ortiz Pérez fué acusado de un delito de asesinato en primer grado ante la Corte de Distrito de Mayagüez, convicto por un jurado del delito de asesinato en segundo grado y sentenciado por la corte, después de haberse denegado una moción de nuevo juicio, a cumplir de doce a quince años de presidio con trabajos forzados. No conforme con la sentencia, ni con la resolución denegatoria de la moción de nuevo juicio, apeló de ambas y en este recurso alega que la corte inferior abusó de su facultad discrecional al no conceder un nuevo juicio y que erró al no instruir al jurado sobre el delito de homicidio.

La moción de nuevo juicio se basó en evidencia recientemente descubierta y en el hecho de no haber la corte instruído al jurado sobre el delito de homicidio. Al declararla sin lugar la corte, citando el caso de *Pueblo* v. *Morales,* 66 D. P. R. 10, hizo constar que "la evidencia nuevamente descubierta no es creíble, es hasta cierto punto acumulativa, impugna sustancialmente la prueba aducida durante el juicio, (en particular la declaración del propio acusado), y probablemente no produciría un resultado diferente."

En el caso de *Pueblo* v. *Morales*, supra, después de citar abundante jurisprudencia y autoridades, resolvimos que procede declarar con lugar una moción de nuevo juicio *solamente* cuando la nueva evidencia (1) no se pudo descubrir con razonable diligencia antes del juicio, (2) no es meramente acumulativa, (3) no impugna la prueba aducida durante el juicio, (4) la nueva evidéncia debe ser creíble y (5) probablemente produciría un resultado diferente. En dicho caso aceptamos, sin discutirlo, que los tres primeros requisitos se establecieron a satisfacción de la corte sentenciadora, pero considerando que los dos últimos no lo habían sido y "teniendo en cuenta que el artículo 303 del Código de Enjuiciamiento Criminal dispone que la corte de distrito puede, no tiene que, conceder un nuevo juicio por el fundamento de que se ha descubierto nueva evidencia, y que este Tribunal ha dicho que las mociones de nuevo juicio 'son consideradas con desconfianza y disfavor'(1)" confirmamos la resolución denegando el nuevo juicio.

En el caso de autos ya hemos visto que la corte sentenciadora expresamente hizo constar que la moción del apelante no cumplía con cuatro de los cinco requisitos expuestos en el caso de *Pueblo* v. *Morales*, supra. Aceptando que se hubiera cumplido con el primero de ellos, a saber, que la nueva evidencia no se pudo descubrir con razonable diligencia antes del juicio, al no demostrar dicha evidencia que cumplía con los otros cuatro, es obvio que no procedía declarar con lugar la moción. Hemos examinado las tres declaraciones juradas de Angel García, Enrique Soltero Vázquez, y Benigno Tua, presentadas por el apelante ante la corte inferior acompañando a su moción de nuevo juicio, y a nuestro juicio no erró dicha corte al concluir que no eran suficientes para sostener la moción. Dichas declaraciones tendían claramente, no sólo a impugnar la prueba del Pue-

---

(1)*Pueblo* v. *Español,* 16 D.P.R. 213, 232; *Pueblo* v. *Lebrón,* 23 D.P.R. 658, 663.

blo, sí que también la declaración del propio acusado. En el juicio de este caso, tanto la prueba de cargo como la de defensa demostró que, al dispararle el acusado con su revólver a Juan Bautista Santiago, en la sala de sesiones de la Corte de Distrito de Mayagüez y mientras Santiago esperaba sentado en un banco a que diera comienzo un juicio que, por asesinato, se seguía contra él por haber dado muerte a un hermano del aquí apelante, el mencionado Santiago no atacó ni sacó arma alguna para utilizarla contra el apelante. Sin embargo, los tres testigos cuyas declaraciones juradas se presentan en apoyo de la moción de nuevo juicio, por primera vez, hacen constar que vieron cuando Santiago sacó una navaja, la abrió, se la empalmó en la mano derecha y se abalanzó sobre el aquí apelante. Esta prueba, aún admitiendo que fuera recientemente descubierta, no sólo es increíble bajo las circunstancias del caso, sino que tendía a impugnar la prueba presentada en el juicio. ¿Cómo es posible dar crédito a una prueba que pretende sostener que una persona que está esperando que dé comienzo un juicio que en su contra se sigue por el delito de haber dado muerte a un hermano del apelante ataca en plena corte a éste con una navaja cuando durante el juicio ningún testigo declaró sobre tal ataque?

No erró la corte, como hemos dicho, al desestimar la moción de nuevo juicio y tampoco al no haber dado instrucciones al jurado sobre el delito de homicidio voluntario.

■■ Nada hay en la prueba que tienda siquiera a demostrar que la muerte de Santiago fué ocasionada con motivo de una súbita pendencia o arrebato de cólera. Artículo 203, Código Penal. Por el contrario la prueba, creída por el jurado, estableció claramente el delito de asesinato y, por lo tanto, no estaba obligada la corte a dar instrucciones sobre homicidio. *Pueblo* v. *Rosado,* 17 D. P. R. 441; *Pueblo* v. *Negrón,* 37 D.P.R. 822. Además, de la transcripción de la evidencia aparece que la defensa no solicitó de la corte

inferior que trasmitiera al jurado instrucciones sobre dicho delito y tampoco tomó excepción de las que se trasmitieron. Es en la moción de nuevo juicio que se levanta esta cuestión por primera vez y, por tanto, renunció a cualquier error no fundamental que pueda existir en las instrucciones. *Pueblo* v. *Rosado,* supra. *Pueblo* v. *Millán,* 66 D. P. R. 243 y *Pueblo* v. *Márquez,* 67 D. P. R. 326. Y no es fundamental el error en el caso de autos porque, como hemos dicho, la prueba no justificaba que se instruyera al jurado sobre el delito de homicidio.

*Debe confirmarse la sentencia apelada.*