EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO AGOSTO CASTRO, acusado y apelante.

*Número:* CR-73-81       *Resuelto:* 13 de septiembre de 1974

442

*R. N. Ponce de Sánchez-Rivoleda,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General, y Adolfo J. Vilá, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Se sentenció en este caso al acusado a cumplir una pena de uno a tres años de presidio por el delito de escalamiento en primer grado. La prueba que conectó al apelante con la comisión de los hechos consistió en el testimonio de una sola testigo. Alega el apelante que la testigo fue cómplice en la perpetración del crimen y que en consecuencia no podía condenársele sin prueba de corroboración bajo los términos de la Regla 156 de las de Procedimiento Criminal, entonces vigente y recientemente enmendada por la Ley Núm. 208 de 23 de julio de 1974.

La regla de la corroboración del cómplice en la modalidad antes vigente en nuestro derecho, era residuo atávico de anti-

guos códigos cuya razón de ser se venía cuestionando desde hace tiempo. Dicha regla derivaba del Art. 253 de nuestro anterior Código de Enjuiciamiento Criminal, que a su vez se fundó en la Sec. 1111 del Código Penal de California (*West's Annotated California Codes—Penal*), la cual se remonta a poco más de un siglo, al año 1872.

La regla nació aun antes, en tiempos en que se tendía a no depender de declaraciones que pudieran basarse en el propio interés del testigo. Específicamente del caso en que un testimonio pudiese prestarse a cambio de una promesa de inmunidad es que surge la regla a fines del siglo dieciocho de la corroboración del cómplice. Wigmore, *On Evidence*, 3a. ed., §§ 2056–2057; Consejo sobre Reforma de la Justicia, *Informe de la Comisión de la Policía*, mimeo, 1973, pág. 249 *et seq.*

Desde hace décadas, sin embargo, se venía reconociendo que la solución al problema del testimonio posiblemente afectado por el propio interés es su escrutinio cuidadoso y no la imposición de reglas mecánicas de corroboración u otra índole que permiten que muchos crímenes queden impunes. Desde 1937, la Comisión sobre la Administración de la Justicia en Nueva York (*Third Supplemental Report*) recomendó la eliminación de la regla. Igual ha ocurrido en California, *Court Reform Blue Ribbon Committee Report*, Delegate Recommendations to the California Conference of the Judiciary, 1973, pág. 8, y en nuestro propio país, Consejo sobre Reforma de la Justicia, *op. cit.* 253–254.

En ocasiones anteriores hemos señalado la tendencia en otras comunidades a descartar la regla de corroboración del cómplice. *Pueblo* v. *Montalvo Acevedo*, 83 D.P.R. 727 (1961); *Muñoz Sullivan* v. *Jefe Penitenciaría*, 90 D.P.R. 632 (1964). En *Pueblo* v. *Báez Cintrón*, 102 D.P.R. 30 (1974), se caracterizó la norma de "regla decadente que ha ido perdiendo el favor del pensamiento jurídico contemporáneo." En vista de su débil basamento, se sujetó la aplicación de

la regla a criterios rigurosos. *Ex parte Collazo*, 52 D.P.R. 109 (1937); *Pueblo v. Zengotita*, 89 D.P.R. 870 (1964).

Lo anterior no nos exime, no obstante, de determinar su aplicabilidad en los casos cuando la regla era todavía parte de nuestro derecho positivo.

En la causa presente, los hechos no demuestran que la testigo de cargo era una cómplice. La prueba en este sentido fue al efecto que como a las once de la noche ella y su concubino se encontraron con el acusado, quien le expresó a éste que determinado sitio era bueno para robar. Se dirigieron todos al lugar mencionado y el apelante rompió la vitrina de una tienda sita allí. La testigo alegadamente aconsejó que no se cometiera el delito y se marchó a su casa, aunque vio al acusado y a su concubino penetrar en la tienda. Dos o tres horas más tarde, el apelante y el referido concubino llegaron a la residencia de la testigo con la mercancía hurtada y se la repartieron. Ella presenció el acto. Al día siguiente su concubino le regaló varias prendas de vestir, parte de la mercancía en cuestión, que ella no utilizó y que devolvió unos dos meses más tarde a la policía en el curso de una investigación que ésta realizaba. La testigo declaró que no informó a la policía inmediatamente del delito cometido por no inculpar a su amante. No se cuestionó la suficiencia de la prueba para establecer de por sí la comisión del delito por el acusado. Lo que la defensa alegó diligentemente fue la necesidad de testimonio corroborante para sostener la convicción. No hubo indicación de oferta alguna de inmunidad a la testigo por parte del ministerio fiscal.

▆▆ La alegación de la defensa es insostenible. Para ser cómplice la persona afectada debía estar sujeta a encausamiento por el mismo delito que el acusado. *Pueblo v. Rodríguez Hernández*, 91 D.P.R. 183 (1964); *Pueblo v. Verdejo Meléndez*, 88 D.P.R. 207 (1963); *Pueblo v. Rosado Cancel*, 95 D.P.R. 557 (1967). La mera presencia de la testigo durante la comisión del escalamiento no bastaba para justificar

una condena. *Pueblo* v. *Prieto Vélez*, 93 D.P.R. 102 (1966). El hecho de que una persona se entere que va a cometerse un delito y no dé cuenta de ello no la convierte en cómplice. *Pueblo* v. *Vázquez*, 20 D.P.R. 361, 375 (1914). Aun más, un testigo puede cooperar hasta cierto punto en una transacción ilegal y esto no lo convierte en un cómplice, aunque pueda castigársele por otra ofensa, si no se prueban los elementos constituyentes del delito sobre el cual declara. *People* v. *McCleary*, 23 Cal. Reptr. 173, 205 C.A.2d 432 (1962); *People* v. *Freytas*, 321 P.2d 782 (Cal. 1958).

     La prueba no es determinante tampoco de la participación activa de la testigo en la concepción y ejecución del plan del delito, factor de gran importancia. *People* v. *McCleary*, supra. Valga aclarar, además, que el peso de la prueba para establecer que una persona es un cómplice recae en la defensa. *Childs* v. *State*, 194 So.2d 861, 864 (Ala. 1966); VII Wigmore, *On Evidence*, § 2060(e). Hubo base en el récord, aunque éste no está exento de algunas contradicciones, para el juzgador concluir que la testigo no fue cómplice en la comisión del acto delictivo. Se le pudo encausar quizás por otros delitos, pero no por el de escalamiento en primer grado. En ausencia de fallo arbitrario y desprovisto de base en la prueba, no intervendremos en la determinación de hechos del tribunal de instancia sobre la condición de cómplice de determinado testigo. *Pueblo* v. *Arroyo Núñez*, 99 D.P.R. 842 (1971); *Pueblo* v. *Morales*, 79 D.P.R. 605 (1956). Adviértase, finalmente, que no existe aquí tampoco evidencia de que la declarante recibió oferta alguna de inmunidad por parte del Ministerio Público, el propio hecho que históricamente dio lugar al establecimiento de la regla sobre la corroboración del testimonio del cómplice. No erró por tanto el tribunal al denegar la moción de absolución perentoria formulada por la defensa.

     Tampoco erró el tribunal al negarse a conceder un nuevo juicio. No se demostró en este sentido el claro e inequí-

voco abuso de discreción necesario para justificar nuestra intervención con el criterio del magistrado de instancia. *Pueblo* v. *Vázquez Izquierdo,* 96 D.P.R. 154 (1968) ; *Pueblo* v. *Rodríguez Vallejo,* 100 D.P.R. 426 (1972).

*Por los fundamentos expuestos se confirmará la sentencia apelada.*