EL PUEBLO DE PUERTO RICO, recurrido, *v.* HÉCTOR LUIS MORALES RIVERA, acusado y peticionario.

*Número:* O-83-206      *Resuelto:* 21 de febrero de 1984

*Carlos Jesús Pérez Santiago*, abogado del peticionario; *Miguel Pagán, Procurador General Interino,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

## SENTENCIA

### I

El 12 de abril de 1978 ocurrió un asalto en la ciudad de Mayagüez, como consecuencia del cual perdió la vida un ser humano y otro resultó gravemente herido. Un año y ocho meses después de ocurridos dichos hechos, la Policía de Puerto Rico fue informada de una admisión supuestamente hecha por el peticionario, Héctor Luis Morales Rivera. Como consecuencia de ello, el peticionario fue señalado —e identificado por fotografías— por los testigos del Ministerio Fiscal Ana M. Torres Vargas y Benito Cruz Justiniano, como la persona que, actuando en concierto y de común acuerdo con un individuo de nombre Rafael Castoire Sánchez, [1] era responsable de la ocurrencia de los referidos hechos. [2]

Celebrado el proceso del peticionario, [3] declarado culpable por el jurado que intervino en los cargos que en su contra fueron presentados por los delitos de asesinato en primer grado, tentativa de asesinato y dos infracciones al Art. 8 de la Ley de Armas de Puerto Rico, y que fuera sentenciado por

---

[1] Participó en los hechos un tercer individuo que nunca pudo ser identificado.

[2] Según la prueba, el peticionario fue la persona que hizo los disparos de revólver que causaron los resultados antes mencionados.

[3] Al no poder ser localizado y arrestado Rafael Castoire Sánchez, el peticionario fue juzgado "por separado".

el honorable Tribunal Superior de Puerto Rico, Sala de Mayagüez, apeló ante este Tribunal.

La apelación giró, principalmente, en torno a si la identificación que del peticionario hicieron los mencionados testigos de cargo fue correcta y confiable y, en su consecuencia, ajustada a derecho. Mediante opinión y sentencia de 31 de marzo de 1982, la mayoría de los señores jueces de este Tribunal así lo entendió, [4] expresando que no "existe duda en nuestras conciencias, como tampoco la hubo en las del jurado y [d]el juez sentenciador, respecto a la culpabilidad del apelante". [5] Las sentencias impuestas al aquí peticionario, en su consecuencia, fueron confirmadas.

En el entretanto, Rafael Castoire Sánchez había sido localizado en la ciudad de Nueva York, Estados Unidos de América. Fue extraditado a Puerto Rico el 15 de enero de 1982. A solicitud del Ministerio Público —luego de comprobarse la defensa de coartada anunciada por éste y a nivel de vista preliminar— el honorable Tribunal de Distrito de Puerto Rico, Sala de Mayagüez, ordenó el 31 de agosto de 1982 el archivo y sobreseimiento de los cargos presentados contra Castoire Sánchez al amparo de las disposiciones de la Regla 247 de las de Procedimiento Criminal. [6]

Con fecha de 20 de septiembre de 1982 el peticionario presentó un escrito ante el honorable Tribunal Superior de Puerto Rico, Sala de Mayagüez, intitulado "Moción al Amparo de la Regla 192.1 de las de Procedimiento Criminal". Alegó, en síntesis, que siendo "la identificación de Castoire Sánchez completamente falsa, como revelan los hechos, y siendo el testimonio de Ana María Torres Vargas, que lo

---

[4] Fue una decisión "cuatro a tres". Véase: *Pueblo* v. *Morales Rivera*, 112 D.P.R. 463, 471 (1982).

[5] Fue admitida en evidencia prueba sobre la "admisión" que hiciera el aquí peticionario. Este Tribunal, en apelación, sostuvo como correcta dicha actuación.

[6] Se comprobó, a satisfacción del Estado, que para el 12 de abril de 1978, Rafael Castoire Sánchez se encontraba cumpliendo sentencia de presidio en una institución penal en los Estados Unidos de América.

identificó como el acompañante inequívoco de Héctor Luis Morales, vital en el proceso seguido contra el convicto, *es de justicia* que se anulen las sentencias dictadas, que el peticionario sea puesto en libertad o que se conceda un nuevo juicio al convicto Héctor Luis Morales". (Énfasis suplido.)

Argumentadas por las partes sus respectivas posiciones en la vista que a esos efectos señalara el tribunal de instancia éste, después de hacer un análisis de la evidencia desfilada durante el proceso celebrado, emitió una cuidadosa y bien razonada resolución escrita mediante la cual declaró sin lugar la moción presentada.

Inconforme, el peticionario acudió ante este Tribunal mediante el correspondiente recurso de *certiorari*. Expedimos el auto solicitado. Resolvemos.

## II

Procede, antes que nada, que delimitemos o precisemos cuál es la "cuestión legal" a la cual nos "enfrentamos" en el presente recurso. Debe estar claro que el punto sobre si la identificación que del peticionario se hizo en la etapa investigativa del caso fue o no confiable y correcta y, por lo tanto, ajustada a derecho, es una cuestión que ya fue resuelta en forma adversa al peticionario por este Tribunal al resolver el recurso de apelación que instó el peticionario luego de ser declarado culpable y convicto ante el tribunal de instancia, *determinación que hoy ratificamos.* Véase: *Pueblo* v. *Morales Rivera,* 112 D.P.R. 463 (1982).

La cuestión a resolver en el presente recurso se circunscribe a la procedencia de una moción de nuevo juicio fundada en el "descubrimiento de nueva prueba" a la luz de las disposiciones de las Reglas 187, 188, 189 y 192 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de la jurisprudencia interpretativa de las mismas, y de los hechos particulares del presente caso.

Ello es así por cuanto el efecto o resultado, si alguno, de la "nueva prueba" en el presente caso nunca podría ser la

absolución total del peticionario, ya que resulta obvio que la "nueva prueba" no es suficiente, por sí sola, para derrotar la determinación que sobre culpabilidad ya hizo el juzgador de los hechos a nivel de instancia y que este Tribunal confirmó. Dicha prueba únicamente va dirigida a atacar o afectar la credibilidad que le mereció —o pueda merecer— al juzgador de los hechos el testimonio de los testigos de cargo Ana M. Torres Vargas y Benito Cruz Justiniano.[7]

## III

Hemos resuelto que una moción de nuevo juicio fundada en el descubrimiento de nueva prueba sólo procede cuando esta última: (1) no se pudo descubrir con razonable diligencia antes del juicio, (2) no es meramente acumulativa, (3) *no impugna la prueba aducida durante el juicio,* (4) es creíble, y (5) *probablemente produciría un resultado diferente —Pueblo* v. *Morales,* 66 D.P.R. 10 (1946); *Pueblo* v. *Ortiz,* 68 D.P.R. 681 (1948); *Pueblo* v. *Beltrán,* 73 D.P.R. 509 (1952)—; que dicha moción va dirigida a la discreción del tribunal sentenciador y que, denegada la referida moción por ese foro, este Tribunal no intervendrá con dicha determinación, a menos que se demuestre un claro e inequívoco abuso de discreción por parte del tribunal de instancia —*Pueblo* v. *Pardo Toro,* 90 D.P.R. 635 (1964); *Pueblo* v. *Vázquez Izquierdo,* 96 D.P.R. 154 (1968); *Pueblo* v. *Agosto Castro,* 102 D.P.R. 441 (1974); y *Pueblo* v. *Prieto Maysonet,* 103 D.P.R. 102 (1974).

Es cierto que la "nueva prueba" en el presente caso no estuvo disponible para el aquí peticionario durante la etapa de la celebración del proceso que culminó en su condena; que no es prueba meramente acumulativa; y que la misma es creíble, por lo que la misma cumple con tres de los cinco requisitos exigidos.

No es menos cierto, sin embargo, que el uso de dicha

---

[7] Es de rigor señalar que la moción del peticionario a esos efectos fue presentada a tiempo. Reglas 189 y 192 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

prueba, de acuerdo con la jurisprudencia antes citada, está vedado como fundamento para una moción de nuevo juicio. Ello es así por cuanto dicha prueba es de carácter impugnatorio;[8] en otras palabras, su propósito sería, como expresamos anteriormente, atacar o afectar la credibilidad que le pueda haber merecido al juzgador de los hechos el testimonio de los testigos que identificaron al peticionario Morales Rivera y al "coacusado" Rafael Castoire Sánchez.

De otra parte, procede que nos preguntemos si dicha nueva prueba hubiera cambiado el veredicto de culpabilidad que fue rendido en el presente caso. Somos los primeros en aceptar que en toda ocasión o caso en que se plantee y se conteste dicha pregunta, siempre habrá argumentos para sostener la posición contraria.

En el presente caso hay que reconocer que existen buenos y sólidos argumentos para sostener que, no empece dicha nueva prueba, el veredicto hubiera sido el mismo. Como bien señala el tribunal sentenciador en la resolución emitida, los "testigos que presenciaron los hechos *vieron y observaron a Héctor Luis Morales por más tiempo y con más atención que a Castoire* y ofrecieron una descripción más detallada de éste que de Castoire, *incluyendo la observación de la testigo Ana María Torres sobre el tatuaje del rostro de una mujer en el brazo derecho de Morales*" (énfasis suplido), y que el aquí peticionario fue el "*centro de atracción o autor principal del asalto* que culminó en el asesinato y la tentativa de asesinato de los perjudicados". (Énfasis suplido.)

A base de los hechos arriba expresados el juzgador muy bien podría entender que los testigos de cargo pudieron haberse equivocado en cuanto a Castoire Sánchez y no así en cuanto al aquí peticionario.

En adición a lo anteriormente expresado tenemos que la identificación que del peticionario hicieron los testigos de cargo *no* es la única prueba que milita en su contra. Recor-

---

[8] Véanse: *Pueblo* v. *Morales*, 66 D.P.R. 10 (1946), y *Pueblo* v. *Ortiz*, 68 D.P.R. 681 (1952).

demos que hubo prueba de que el peticionario hizo admisión de los hechos. Ello, naturalmente, es evidencia que tiene mucho peso en la mente del juzgador de los hechos al emitir el fallo condenatorio o absolutorio.

En vista de que la nueva prueba es de carácter impugnatorio, de que probablemente la misma no produciría un resultado diferente por cuanto la prueba que desfiló en el juicio celebrado demuestra en forma contundente la culpabilidad del peticionario, y de que no se nos ha demostrado que el tribunal sentenciador cometiera un claro e inequívoco abuso de discreción al denegar la moción que al amparo de la Regla 192 de Procedimiento Criminal fue presentada, resolvemos no intervenir con dicha determinación. *Pueblo v. Pardo Toro*; *Pueblo v. Vázquez Izquierdo*; *Pueblo v. Agosto Castro*; y *Pueblo v. Prieto Maysonet*, ante. En consecuencia, la resolución dictada en el presente caso por el tribunal de instancia será confirmada.

Así lo pronunció y manda el Tribunal y certifica la Secretaria General. El Juez Presidente Señor Trías Monge disiente por los fundamentos expuestos en *Pueblo v. Morales Rivera*, supra, pág. 472 (1982). El Juez Asociado Señor Dávila emitió voto disidente y el Juez Asociado Señor Irizarry Yunqué no intervino.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Voto disidente del Juez Asociado Señor Dávila.

Nos reafirmamos en el voto disidente que emitimos en *Pueblo v. Morales*, 112 D.P.R. 463, 472 (1982). El acusado peticionario presentó una moción al amparo de la Regla 192.1 de las de Procedimiento Criminal en la que solicitaba su liberación o la concesión de un nuevo juicio. Alegó que a quien fuera identificado como su acompañante y coautor, Rafael Castoire Sánchez, le fueron archivadas todas las acu-

saciones al comprobarse que antes, durante y después de los hechos por los cuales se le acusó se encontraba encarcelado en Nueva York; que el testimonio de Ana Torres fue vital en el proceso seguido en contra del peticionario y fue ella quien hizo la identificación falsa de Castoire Sánchez; que este nuevo elemento abunda en la naturaleza viciada de la identificación y que no pudo producir esta nueva prueba durante el juicio por desconocer el paradero de Castoire Sánchez. Esta nueva prueba unida a la deficiente y poco confiable identificación que discutimos en nuestra disidencia reafirma nuestra convicción de que se le violó el debido proceso de ley al acusado al admitirse en evidencia una identificación poco confiable. Debió prosperar la moción radicada al amparo de la Regla 192.1 de las de Procedimiento Criminal.