# 2003 DTA 122

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I DE SAN JUAN
PANEL II**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

MANUEL TOBAJA VILLEGAS
Peticionario

Núm. KLCE-03-00155

San Juan, Puerto Rico, a 30 de julio de 2003

Panel integrado por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Bajandas Vélez, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Sr. Manuel Tobaja Villegas ("*Sr. Tobaja*") mediante recurso de *certiorari*, presentado el 7 de febrero de 2003. En el mismo solicita la revocación de la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 13 de diciembre de 2002 y notificada el 8 de enero de 2003. Dicha resolución, en esencia, denegó la solicitud de sobreseimiento, archivo del caso y excarcelación del convicto Sr. Tobaja, al amparo de la Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Contando con la comparecencia de las partes, y estudiada la totalidad del expediente, además del derecho aplicable, resolvemos expedir el auto de *certiorari* solicitado y confirmar la resolución recurrida.

## I

El caso ante nos es el resultado de un segundo procedimiento criminal dirigido en contra del Sr. Tobaja, quien fue hallado culpable, el 27 de junio de 2001, de tres cargos por infracción al Art. 166 del Código Penal de Puerto Rico (apropiación ilegal agravada), 33 L.P.R.A. sec. 4272. Dicho procedimiento fue celebrado en la Sala Superior de Bayamón. ■ El 11 de octubre de 2001, mientras cumplía la condena que le fue impuesta en el aludido caso, el Sr. Tobaja se evadió de la Penitenciaría Estatal de Río Piedras. El 5 de enero de 2002, fue detenido en el área de Santurce. Véase en los autos originales del caso, la Moción de Nuevo Juicio Por Falta de Debido Proceso de Ley, la Moción al Amparo de la Regla 192.1, y el Escrito en Cumplimiento de Orden, de la parte recurrida. ■

El Ministerio Público procedió, entonces, a formular acusación por infracción al Art. 232 del Código Penal de Puerto Rico (fuga), 33 L.P.R.A. sec. 4428, la cual fue presentada el 8 de enero de 2002. El juicio por jurado fue celebrado los días 29 de abril, y 1ro, 13, 14 y 24 de mayo de 2002, siendo el Sr. Tobaja hallado culpable del delito imputado. Apéndice del Peticionario, pág. 13.

Así las cosas, se citó a las partes para el pronunciamiento de sentencia, el que fue señalado para el 30 de mayo de 2002. En dicho acto estuvieron presentes el Ministerio Público, el Sr. Tobaja y su representante legal. Durante el mismo se le hicieron al Sr. Tobaja las correspondientes advertencias. En particular, se le ofreció la oportunidad de expresarse para efectos del récord, la cual aprovechó. No existiendo oposición de las partes para el acto de pronunciar sentencia, el TPI procedió a imponer al convicto la pena de seis (6) años de cárcel por el delito de fuga y por la reincidencia. Dicha sentencia fue notificada el 3 de junio de 2002. Véase Minuta del acto de pronunciamiento de sentencia, Apéndice de la parte recurrida, pág. 2.

No obstante lo anterior, de los autos se desprende que el día antes de la imposición de sentencia, 29 de mayo de 2002, a las 4:47 de la tarde, el Sr. Tobaja había presentado una moción en solicitud de nuevo juicio. En su escrito adujo, en esencia, que en virtud de la Regla 188 (f) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 188(f), procedía la concesión de un nuevo juicio por razón de no haber tenido un juicio justo e imparcial. Destacó que la mayoría de los miembros del jurado estaban prejuiciados por la excesiva publicidad adversa de la que fue objeto el acusado. De igual manera, argumentó que la supresión de los testimonios de los fiscales de Bayamón y San Juan, que la defensa se proponía presentar como testigos de defensa, constituia una violación al derecho constitucional del acusado a la comparecencia compulsoria de testigos a su favor, además de ser una violación al debido proceso de ley por negársele a la defensa la oportunidad de presentar una teoría alterna. Por último, planteó que las instrucciones impartidas al jurado fueron incompletas y que el Fiscal, por sus expresiones contra la persona del Sr. Tobaja, había incurrido en conducta impropia. Apéndice del Peticionario, págs. 9-12.

El TPI señaló vista para considerar la solicitud de nuevo juicio a ser celebrada el 26 de agosto de 2002. En la misma, el TPI resolvió que la moción de nuevo juicio no procedía. Razonó que el argumento de la defensa relativo a la alegada violación de la alegación pre-acordada del primer juicio celebrado en Bayamón, no

constituia por sí sólo un estado de necesidad que hubiese relevado al convicto de responsabilidad criminal. Apéndice del Peticionario, págs. 16-17.

El 11 de octubre de 2002, el Sr. Tobaja presentó ante el TPI, por derecho propio, una moción al amparo de la Regla 192.1 de las de Procedimiento Criminal. En la misma alegó que el tribunal no tenía jurisdicción para dictar la sentencia del 30 de mayo de 2002, debido a que el TPI la pronunció sin considerar y resolver previamente la moción de nuevo juicio presentada el 29 de mayo de 2002. Precisó que tal actuación contravenía lo dispuesto en la Regla 162 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 162. De este modo, solicitó la revocación de la sentencia aludida, así como el sobreseimiento y archivo del caso. Apéndice del Peticionario, págs. 6-8.

Ese mismo día, el peticionario presentó una moción solicitando que se le asignara abogado de oficio. Dicha petición le fue negada por medio de la resolución notificada el 20 de noviembre de 2002. El TPI sostuvo que no procedía la asignación de abogado de oficio debido a que el Lic. Hiram Torres Cuevas (Lic. Torres), ■ quien ha representado al Sr. Tobaja durante todo el procedimiento, estaba obligado éticamente a representarlo en la apelación. Apéndice del Peticionario, págs. 14 y 15.

Luego de varios incidentes procesales, el Sr. Tobaja, a través del Lic. Torres, presentó, el 10 de diciembre de 2002, un escrito titulado *"Moción Informativa y Solicitando Litigación en Forma Pauperis"*. ■ En el mismo requirió que se le permitiera litigar *in forma pauperis* por carecer de los recursos económicos necesarios para ello. Además, solicitó que se atendieran en los méritos los planteamientos que esbozó al amparo de la Regla 192.1 de las de Procedimiento Criminal. Apéndice del Peticionario, págs. 2-5.

El 13 de diciembre de 2002, el TPI emitió Resolución mediante la cual declaró *"no ha lugar"* la solicitud para litigar *in forma pauperis* y el sobreseimiento al amparo de la Regla 192.1 de las de Procedimiento Criminal. Esta Resolución fue notificada el 8 de enero de 2003. Apéndice del Peticionario, pág. 1.

Inconforme con la determinación, el Sr. Tobaja recurre ante nos con el recurso de autos. Señala la comisión del siguiente error:

*"ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCION CONTENIDA EN EL APENDICE 2 EN LA QUE SE SOLICITABA QUE INSTANCIA CUMPLIERA CON SU OBLIGACION MINISTERIAL DE RESOLVER LA MOCION AL AMPARO DE LA REGLA 192.1 DE LAS DE PROCEDIMIENTO CRIMINAL DE PUERTO RICO, EN EL SENTIDO DE QUE LA SENTENCIA HABIA SIDO DICTADA SIN JURISDICCION EN VIOLACION A LO QUE DISPONEN LAS LEYES DEL ESTADO LIBRE ASOCIADO, ESPECIFICAMENTE LA REGLA 162 DE LAS DE PROCEDIMIENTO CRIMINAL. DICHA REGLA DISPONE EXPRESAMENTE: "EN NINGUN CASO SE DICTARA SENTENCIA ANTES DE HABER SIDO RESUELTA CUALQUIER MOCION DE NUEVO JUICIO O MOCION PARA QUE NO SE DICTE SENTENCIA O ANTES DE DAR DEBIDA CONSIDERACION AL INFORME PRESENTENCIA QUE SE REQUIERE DE ACUERDO CON LA REGLA 162.1."*

El 27 de febrero de 2003, emitimos resolución, notificada el 5 de marzo de 2003, en la cual concedimos veinte (20) días al Procurador General para fijar su posición. Según ordenado, el 25 de marzo de 2003, el Procurador presentó *"Escrito en Cumplimiento de Orden"*. En síntesis, arguye que *"no procede la Regla 192.1 porque el señalamiento del convicto no constituye un error sustancial de naturaleza constitucional o jurisdiccional que transgreda principios básicos de un proceso justo"*. En segundo lugar, expone que el hecho de no informar al TPI, sobre su solicitud de nuevo juicio presentada el día anterior, durante el acto de dictar sentencia, constituye una renuncia al planteamiento procesal de la Regla 162 de Procedimiento Criminal. Por último, y como argumento en la alternativa, sostiene que aun asumiendo la aplicación de la Regla 192.1 de Procedimiento Criminal al caso de autos, lo que procede es resentenciar al convicto y no el sobreseimiento de la

causa penal.

Ponderadas y estudiadas las posiciones de ambas partes, pasamos a resolver la controversia de autos.

## II

La Regla 187 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 187, dispone que *"luego de dictado un fallo de culpabilidad el tribunal podrá conceder un nuevo juicio, bien a instancia propia con el consentimiento del acusado o a solicitud de éste"*. La moción de nuevo juicio, como puede observarse, permite al acusado-convicto comenzar nuevamente el procedimiento en su contra, gozando de la presunción de inocencia y desfilando de nuevo toda la evidencia en su defensa.

Por su parte, las Reglas 188 y 192 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 188 y 192, exponen los fundamentos bajo los cuales se concederá dicho remedio a la parte que lo solicita. [5] De las aludidas reglas surge que la concesión de un nuevo juicio descansa en la sana discreción del tribunal juzgador. *Pueblo v. Chévere Heredia*, 139 D.P.R. 1 (1995); *Pueblo v. Agosto Castro*, 102 D.P.R. 441 (1974).

La moción de nuevo juicio, por lo general, ha de ser presentada antes de que se dicte sentencia. Regla 189 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 189. Véase además, *Pueblo v. Matos Rodríguez*, 91 D.P.R. 635 (1965). Cónsono con lo anterior, la Regla 162 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 162, exige que antes de dictar sentencia, el tribunal debe disponer de las solicitudes de nuevo juicio que tiene ante sí. Dicha regla reza, en lo pertinente, como sigue:

*"El término 'sentencia' significa el pronunciamiento hecho por el tribunal en cuanto a la pena que se le impone al acusado.*

*El tribunal, al tiempo de imponer sentencia, deberá explicar verbalmente o por escrito las razones para la imposición de la sentencia.*

*Cuando se pronunciare un fallo condenatorio en casos de delitos graves (felonies), el tribunal señalará una fecha para dictar sentencia que será por lo menos tres (3) días después de dicho fallo. En casos de delitos menos graves (misdemeanors), el tribunal deberá dictar sentencia no más tarde del día siguiente al del fallo. **En ningún caso se dictará sentencia antes de haber sido resuelta cualquier moción de nuevo juicio o moción para que no se dicte sentencia o antes de dar debida consideración al informe presentencia que se requiere de acuerdo con la Regla 162.1**...* (Enfasis nuestro.)

*En suma, la Regla 162 de Procedimiento Criminal persigue proveer a la parte sobre quien pesa un fallo condenatorio todas las garantías del debido proceso de ley. Así, se le garantiza la oportunidad de presentar evidencia conducente a impedir que se dicte sentencia o que pueda probar la existencia de elementos atenuantes para la pena. De igual forma, pretende suministrar al juzgador todos los elementos y factores necesarios para su evaluación antes de imponer la pena correspondiente. De esta manera, se logra eliminar la arbitrariedad en el proceso de sentenciar al convicto. Sin embargo, los requisitos exigidos por la Regla 162 de Procedimiento Criminal no se dan en un vacío, sino que deben analizarse en función de las demás disposiciones que regulan el procedimiento presentencia.*

*De conformidad con lo anterior, precisa destacar, que la Regla 162 de las de Procedimiento Criminal no debe ser analizada sin antes considerar las Reglas 166 y 168 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 166 y 168. Claramente, la Regla 168 de Procedimiento Criminal decreta que no debe dictarse sentencia en contra de un acusado cuando, entre otras causas allí enumeradas, no se ha cumplido con las disposiciones de la Regla 162. Por su parte, la Regla 166 ordena al tribunal sentenciador hacerle varias advertencias al convicto. De este modo, el tribunal debe inquirir sobre las razones que éste puede tener para que no se dicte la*

*sentencia. Este procedimiento de advertencias es el llamado acto de alocución o allocutus. En específico, la Regla 166 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 166, dispone:*

*En delitos graves (felonies), al comparecer el acusado a oír la sentencia, el tribunal le informará de la naturaleza del cargo contenido en la acusación y del pronunciamiento del fallo, y **le preguntará si existe alguna causa legal por la cual no deba procederse a dictar sentencia. Si no existiere tal causa legal, el tribunal dictará sentencia.** Si el acusado no estuviere representado por abogado, el tribunal le informará de su derecho a apelar y, a solicitud del acusado, el secretario preparará y presentará un escrito de apelación cumpliendo con los requisitos que exigen estas reglas."* (Enfasis nuestro.)

En *Pueblo v. Hernández*, 94 D.P.R. 116 (1967), el Tribunal Supremo de Puerto Rico trazó la procedencia del acto de la alocución o *allocutus* al derecho consuetudinario inglés. Allí tenía la función de permitir al convicto presentar hechos a su favor que podrían constituir atenuantes. Evidentemente, la omisión del juzgador de inquirir formalmente si existe causa por la cual no debe emitirse sentencia constituye un error fundamental que podría acarrear la nulidad de la sentencia dictada para que sea emitida nuevamente. Regla 167 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 167; *Pueblo v. Hernández, supra*, pág. 120. Sin embargo, como norma general, no será necesario que se resentencie al convicto, salvo evidencia de la comisión de alguna de las causales enumeradas bajo la Regla 168 de las de Procedimiento Criminal. Las mismas son:

*"(a) Que ha desarrollado una incapacidad mental con posterioridad a haberse rendido el veredicto o haberse pronunciado el fallo.*

*(b) Que le ha sido concedido el indulto por el delito juzgado en la causa en que ha de ser sentenciado.*

*(c) Que no es él la persona contra quien se rindió el veredicto o se pronunció el fallo.*

*(d) Que no se ha cumplido con las disposiciones de la Regla 162.*

*(e) Que el delito del cual se le declaró culpable estaba prescrito."*

## III

Tomando en consideración lo antes expuesto, debemos dilucidar si la presentación de una moción de nuevo juicio dentro del término dispuesto por ley, o sea, antes de que se dicte la sentencia, hace necesariamente nula la sentencia dictada antes de resolver dicha moción. De igual forma, debemos considerar si la ausencia de objeción por parte del convicto y su abogado durante el acto de alocución constituye una renuncia a los planteamientos esbozados para solicitar nuevo juicio, de suerte que la sentencia impuesta sin haberse resuelto una previa moción de nuevo juicio no resulte inoficiosa. Por último, de haberse cometido el error aludido, debemos determinar si procede el sobreseimiento de los cargos imputados contra el Sr. Tobaja.

Ciertamente, la Regla 162 de las de Procedimiento Criminal determina, sin vaguedad alguna, que en ningún caso el tribunal ha de dictar sentencia sin que previamente haya resuelto cualquier moción de nuevo juicio o sin antes dar debida consideración al informe presentencia según requerido por la Regla 162.1. Aunque parecería que técnicamente una sentencia dictada en contravención de la Regla 162 podría ser inválida, tal situación debe ser analizada tomando en consideración lo dispuesto en las Reglas 166 y 168 de Procedimiento Criminal.

El acto de alocución es el momento procesal otorgado al convicto para que éste realice los planteamientos que considere pertinentes, a los efectos de que no se dicte la sentencia. En particular, el tribunal está obligado a inquirir específicamente sobre las razones existentes, si algunas, que impidan se imponga la pena correspondiente. Regla 166 de las de Procedimiento Criminal; *Pueblo v. Hernández, supra; Pueblo v. Burgos Hernández*, 113 D.P.R. 834 (1983). Según el texto de la Regla 168 de Procedimiento Criminal, la omisión del

tribunal sentenciador en cumplir cualquiera de los requisitos exigidos en la Regla 162 constituye, en efecto, uno de estos impedimentos.

En *Pueblo v. Castro Muñiz*, 118 D.P.R. 625 (1987), el Tribunal Supremo de Puerto Rico se confrontó con una controversia similar a la de autos. El Tribunal expresó que la omisión del convicto en no objetar que se dictara sentencia porque no se preparó el informe presentencia requerido por la Regla 162 y 162.1 de las de Procedimiento Criminal, constituia una renuncia a dicho planteamiento en etapas posteriores del proceso. *Pueblo v. Castro Muñiz, supra*, pág. 641. De esta forma, destacó la posibilidad de que con sus propios actos el convicto pudiese consentir a la renuncia de los derechos garantizados en la Regla 162 de Procedimiento Criminal.

Como es sabido, gran parte de nuestro ordenamiento procesal criminal tiene origen en el Código de Enjuiciamiento Penal de California, razón por la cual las decisiones de sus más altos foros, interpretando estatutos similares a los nuestros, poseen valor persuasivo. Nos parece ilustrativo el alcance dado por dicha jurisdicción a la sección 1200 del Código de Enjuiciamiento Penal de California, *West´s Annotated California Codes*, Penal Code sec. 1200, ██ que regula el acto de la alocución. La jurisprudencia interpretativa de dicha sección ha entendido que la *"causa legal"* que ha de servir de impedimento para el acto de dictar la sentencia se circunscribe a la presentación de evidencia de incapacidad mental; la existencia de razones por las cuales no debe celebrarse un nuevo juicio; o que se ha presentado una moción para la suspensión temporal de los efectos de la sentencia. Una vez provisto el convicto de una oportunidad para presentar su objeción al acto de la imposición de la pena, su silencio al respecto se considerará como una renuncia tácita al aludido derecho. Véase *People v. Tenedor*, 107 Cal. App. 2d 581 (1951); *People v. Hawthorne*, 63 Cal. App. 2d 262 (1944); *People v. Swift*, 140 Cal. App. 7 (1934). Esta conclusión está predicada en la importancia conferida al acto de la alocución y los derechos sustantivos del acusado que pretende salvaguardar. Por tanto, si dicha parte, estando asistida legalmente, tiene conocimiento de alguna razón por la cual no deba dictarse sentencia, y aún así omite informar al tribunal sobre la misma, después de ser advertida de sus derechos, no puede luego levantar su falta como un error cometido por el tribunal con el propósito de invalidar la sentencia imputada. *People v. Skinner*, 241 Cal. App. 2d 752 (1966); *People v. Hawthorne, supra; People v. Swift, supra*.

## IV

En el caso de autos, el Sr. Tobaja, asistido legalmente por el Lic. Torres, presentó una moción solicitando nuevo juicio el 29 de mayo de 2002, a las 4:47 de la tarde, estando el acto de lectura de sentencia pautado para el 30 de mayo de 2002, a las 8:30 de la mañana. Por lo cercano de los hechos, inferimos que dicha moción no formaba parte del expediente que el TPI tenía ante su consideración en el momento de dictar la sentencia. [7] De los autos surge también que, en ningún momento antes de que se dictara la sentencia, ni el acusado o su abogado, trajeron a la atención del TPI la existencia de la solicitud de nuevo juicio presentada el día anterior por el Sr. Tobaja.

Como expusiéramos anteriormente, antes de sentenciar al convicto, el tribunal está obligado a asegurarse de que no existe impedimento alguno para continuar con la imposición de la sentencia. Ello exige, no sólo que se estudien los documentos que forman parte de los autos del caso, sino que en el acto de dictar sentencia se requiere que estén presentes tanto el Ministerio Público como el acusado, asistido de abogado. No conforme con la presencia de las partes y de las advertencias que está compelido a hacerle al convicto, el tribunal está obligado a preguntarle directamente a éste si conoce de alguna razón por la cual no deba imponerse la pena correspondiente.

De otro lado, es sabido que una parte debe solicitar un nuevo juicio antes de que se le dicte sentencia. Ahora bien, por el acto de la mera presentación de la moción de nuevo juicio en Secretaría, no podemos adscribirle al tribunal el conocimiento pleno de la existencia de dicha moción con el efecto de que al no estar resuelta ello constituye un impedimento legal para dictar la sentencia. Por tanto, es obligación del convicto llamar la

atención del tribunal a la existencia de dicha moción pendiente de resolución antes de que éste dicte sentencia, dado que se le ha provisto la oportunidad para ello.

La omisión evidente del Sr. Tobaja y su abogado en informar al TPI la pendencia de la moción de nuevo juicio presentada el día antes del acto de sentencia, constituyó, en este caso, una renuncia voluntaria y consciente a su derecho de que su moción de nuevo juicio fuese resuelta. Concluir lo contrario sería dar al traste con los propósitos del acto de la alocución en nuestro ordenamiento legal, al permitir que el conveniente silencio de la defensa, en un momento crucial y crítico del procedimiento, induzca a error al tribunal. De igual manera, estaríamos avalando la práctica del convicto y/o su abogado de retener del tribunal información pertinente como un subterfugio para luego tratar de invalidar la sentencia impuesta.

Nuestro ordenamiento ha reconocido en innumerables ocasiones la capacidad que posee un acusado para renunciar a un derecho sustantivo de envergadura. A base de ello debemos concluir que el hecho de que el juzgador no resolviera la moción de nuevo juicio antes de que se dictase la sentencia en autos, no constituyó un error que invalidara todo el procedimiento criminal habido, puesto que la defensa claramente le ocultó al tribunal la existencia de dicho impedimento. █

Ahora bien, aun si diéramos al incumplimiento con lo dispuesto en la Regla 162 de Procedimiento Criminal el alcance que pretende el Sr. Tobaja, no procedería el sobreseimiento de los cargos como argumenta, sino que el convicto fuese sentenciado nuevamente. Nos persuaden para llegar a esta conclusión las siguientes expresiones del Tribunal Supremo al analizar la facultad del tribunal para corregir una sentencia ilegal:

*"... De no poder corregirse este error que fue cometido por inadvertencia en la forma utilizada por el tribunal sentenciador, entonces nunca se podría imponer una sentencia válida y ejecutable... Esta Corte ha rechazado la 'doctrina de que un prisionero, cuya culpabilidad ha sido establecida mediante un veredicto reglamentario, pueda escapar absolutamente de un castigo porque cometió un error al dictar la sentencia'...* **La Constitución no requiere que el acto de pronunciar una sentencia sea un juego en que un movimiento equivocado del juez implique inmunidad para el prisionero...".** *Estremera v. Jones*, 74 D.P.R. 202, 207 (1952), citando de *Bozza v. United States*, 330 U.S. 160, 166-167. Véase además, *González De Jesús v. Jefe Penitenciaría*, 90 D.P.R. 31, 33-34 (1964). (Enfasis nuestro.)

De este modo, una sentencia errónea o contra la ley no necesariamente acarrea la invalidez de la totalidad del procedimiento. *Pueblo v. Pérez Rivera*, 129 D.P.R. 306 (Sentencia, 1991); *Pueblo v. Lozano,* 88 D.P.R. 834 (1963). Los errores en el acto de dictar la sentencia no invalidan automáticamente el fallo o veredicto emitido como resultado de un procedimiento judicial válido, en ausencia de la demostración de un menoscabo sustancial de la justicia. █

En suma, concluimos que en autos, la mera presentación del escrito solicitando nuevo juicio el 29 de mayo de 2003, a escasamente quince (15) minutos de que cerrara la Secretaría del TPI, no es suficiente para decretar la invalidez del acto de sentenciar celebrado a primera hora del día siguiente, cuando ni el convicto, ni su representante profesional, llamaron la atención del juzgador a la existencia de la aludida moción. No puede el Sr. Tobaja plantear como error el hecho de que se dictara la sentencia sin considerarse la moción de nuevo juicio, cuando éste, asistido de su abogado, guardó silencio al respecto. Este Tribunal no puede premiar el silencio del convicto y su representante profesional cuando el TPI realizó un acto de alocución conforme a derecho y proveyó a la parte con todas las garantías que exige el debido proceso de ley. Mucho menos, puede considerarse como error perjudicial una situación imputable en su totalidad al Sr. Tobaja y su abogado. En definitiva, ante un escenario fáctico como el de autos, el silencio durante el acto alocución, constituye una renuncia voluntaria y conciente de los derechos que asegura la Regla 162 de Procedimiento Criminal. No se cometió el error aducido. █

# V

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado y se confirma la resolución emitida el 13 de diciembre de 2002 y notificada el 8 de enero de 2003.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 2003 DTA 122

**1.** Caso criminal KPD-01-G0706.

**2.** El 22 de abril de 2003, solicitamos que se elevaran los autos originales del caso de autos (KFJ02G0001(1101)).

**3.** Dicho letrado aún representa al Sr. Tobaja en autos.

**4.** La primera solicitud de litigación *in forma pauperis* fue presentada el 17 de octubre de 2002. El Sr. Tobaja recurrió ante nos y emitimos Resolución, notificada 30 de octubre de 2002, por medio de la cual devolvimos las referidas mociones para que fueran resueltas por el TPI, conforme a lo dispuesto en la Regla 192.1 de las de Procedimiento Criminal. El 10 de diciembre de 2002, la parte peticionaria presentó nuevo escrito titulado *"Moción Informativa y Solicitando Litigación en Forma Pauperis."*

**5.** La Regla 188 de Procedimiento Criminal dispone:

*"El Tribunal concederá un nuevo juicio por cualquiera de los siguientes fundamentos:*

*(a) Que se ha descubierto nueva prueba la cual, de haber sido presentada en el juicio, probablemente habría cambiado el veredicto o fallo del tribunal, y la que no pudo el acusado con razonable diligencia descubrir y presentar en el juicio. Al solicitar nuevo juicio por este fundamento, el acusado deberá acompañar a su moción la nueva prueba en forma de declaraciones juradas de los testigos que la aducían.*

*(b) Que el veredicto se determinó por suerte o por cualquier otro medio que no fuere expresión verdadera de la opinión del jurado.*

*(c) Que el veredicto o fallo es contrario a derecho o a la prueba.*

*(d) Que medió cualquiera de las siguientes circunstancias y como consecuencia se perjudicaron los derechos sustanciales del acusado:*

*(1) Que el acusado no estuvo presente en cualquier etapa del proceso, salvo lo dispuesto en la Regla 243.*

*(2) Que el jurado recibió evidencia fuera de sesión, excepto la que resulte de una inspección ocular.*

*(3) Que los miembros del jurado, después de retirarse a deliberar, se separaron sin el consentimiento del tribunal, o que algún jurado incurrió en conducta impropia, la cual impidió una consideración imparcial y justa del caso.*

*(4) Que el fiscal incurrió en conducta impropia.*

*(5) Que el tribunal erró al resolver cualquier cuestión de derecho surgida en el curso del juicio, o instruyó erróneamente al jurado sobre cualquier aspecto legal del caso o se negó erróneamente a dar al jurado una instrucción solicitada por el acusado.*

*(e) Que no fue posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte*

*o incapacidad del taquígrafo o a la pérdida o destrucción de sus notas, ni preparar en sustitución de dicha transcripción una exposición del caso en forma narrativa según se dispone en las Reglas 208 y 209.*

*(f) El tribunal, además, concederá un nuevo juicio cuando, debido a cualquier otra causa de la cual no fuere responsable el acusado, éste no hubiere tenido un juicio justo e imparcial."*

Por su parte, la Regla 192 de Procedimiento Criminal establece que:

*"También podrá el tribunal, a solicitud del acusado, conceder un nuevo juicio cuando después de dictada la sentencia sobreviene el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado."*

**6.** La misma lee:

*"When a defendant appears for judgment he must be informed by the Court, or by the Clerk, under its direction, of the nature of the charge against him and of the plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."*

**7.** A tenor con la Regla 11 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, R. 11, tomamos conocimiento judicial del trámite y tiempo que toma en la Secretaría del TPI el encausamiento de una moción presentada en un caso.

**8.** Desde luego, de coincidir circunstancias tales que lleven al tribunal revisor a concluir que el acto de la alocución no se realizó de acuerdo a las exigencias de la ley, el error de no considerar la moción de nuevo juicio podría ser lo suficientemente perjudicial como para dejar sin efecto la sentencia impuesta.

**9.** De manera ilustrativa, refiérase a *U.S. v. Gordon*, 291 F.3d 181 (2002); *People v. Cross*, 213 Cal. App. 2d 678 (1963); *People v. Tenedor*, 107 Cal. App. 2d 581 (1951); *People v. Hawthorne*, 63 Cal. App. 2d 262 (1944); *People v. Chan Chaun*, 41 Cal. App. 2d 586 (1940), para casos que tratan de errores que se resuelven con resentenciar al individuo, mientras que los errores sustantivos se solucionan mediante un nuevo juicio.

**10.** Aunque la Resolución recurrida también denegó al peticionario la solicitud para litigar *in forma pauperis,* este aspecto no se adujo como error en el recurso de *certiorari* que nos concierne. Como norma general, este Tribunal no considerará errores no planteados por las partes a nivel de instancia. Véase, *Pueblo v. Ruiz Bosch*, 127 D.P.R. 762, 773 n.3 (1991); Hiram Sánchez Martínez, *Práctica Jurídica de Puerto Rico: Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis Puerto Rico, 2001, págs. 294-302.