Filed 5/13/13  P. v. Smith CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR EUGENE SMITH,<br><br>    Defendant and Appellant. | B239352<br><br>(Los Angeles County<br>Super. Ct. No. NA068215) |

THE COURT:[*]

Appellant Victor Eugene Smith appeals from an order revoking his probation, following an admission of violation, and executing a previously suspended prison term.

**BACKGROUND**

The following facts regarding the charged incidents are taken from the probation report.  On November 25, 2005, Los Angeles Police Department officers responded to a residence on West 210th Street following the report of a man with a gun.  Officers heard a woman scream "Help" from inside the house.  The front door burst open and a female ran outside, closely followed by appellant.  The female pointed to appellant and stated, "That's him, please help me."  Appellant was taken into custody.  The female victim

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

reported that over the course of the previous four weeks, appellant had assaulted her on two occasions, threatened her with a gun, prevented her from leaving the house to go to work, and prevented her from calling the police. The first assault in which appellant struck the victim with a closed fist resulted in the victim requiring 18 stitches to her mouth. The victim sustained bruising as a result of the second assault in which appellant struck her head and left eye. Appellant provided a false name to the police officers following his arrest.

On October 25, 2006, appellant pled no contest to corporal injury on a cohabitant and admitted a great bodily injury enhancement (Pen. Code, §§ 273.5, subd. (a), 12022.7 (count 1));[1] corporal injury on a cohabitant (§ 273.5, subd. (a) (count 2)); making criminal threats (§ 422 (count 3)); dissuading a witness by force or threat (§ 136.1, subd. (b)(1) (count 4)); false imprisonment by violence (§ 236 (count 5)); and false identification to a police officer (§ 148.9, subd. (a) (count 6)). Appellant also admitted a prior conviction for battery upon a cohabitant (§ 243, subd. (e)(1)). The trial court sentenced appellant to an aggregate state prison term of 11 years 10 months, but suspended execution of sentence and placed appellant on formal probation for five years under various terms and conditions.

In December 2009, the probation department filed a petition for arraignment on a probation violation. Probation was revoked when appellant failed to appear at the hearing on February 8, 2010. On March 23, 2010, the court reinstated probation and extended the period of probation by one year to December 7, 2012. Appellant failed to appear at 8:30 a.m. on December 6, 2010, for a progress report hearing. The court summarily revoked probation and issued a no-bail bench warrant. Appellant was taken into custody when he showed up at 9:15 a.m. At a probation violation hearing on December 8, 2010, appellant admitted to an unspecified violation. Probation was revoked and then reinstated with a new requirement that appellant provide 60 days of community service to Caltrans. The court ordered appellant back on June 8, 2011, and

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2

stated, "You will show me you have done 60 days of Caltrans. If you don't, you will be remanded, and I'll give you the 11 years, 10 months." On June 8, 2011, appellant's probation was revoked when he provided proof that he had completed only 23 days of Caltrans service. At a hearing on September 12, 2011, appellant waived his right to a revocation hearing and admitted to a violation of probation. The court revoked probation and imposed the previously suspended prison term of 11 years 10 months. Appellant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent appellant on appeal. After examining the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues, but requesting a review of the record. We gave notice to appellant that his appointed counsel had not found any arguable issues, and that he had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wanted this court to consider.

Appellant submitted two handwritten briefs in which he contends that: (1) he was in compliance on December 6, 2010, and should not have been found in violation of probation; (2) he was not credited with all time served; (3) the modifications of his probation on March 23, 2010, and on December 8, 2010, were "illegal"; (4) the requirement to provide community service to Caltrans was unauthorized; (5) the court did not have jurisdiction to extend probation for more than the permitted maximum of five years; (6) the court found him in violation of his probation because he was late for a hearing; (7) the trial court's discretion to revoke his probation was limited and was improperly based on "information know[n] to the court prior to sentencing"; (8) the sentence constituted cruel and unusual punishment.

Section 1203.2, subdivision (a), authorizes the court to revoke probation after proper notice and a hearing "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of his or her

3

supervision . . . ." Once a court had determined that a violation of probation has occurred, it must "decide whether under all of the circumstances the violation of probation warrants revocation." (*People v. Avery* (1986) 179 Cal.App.3d 1198, 1204.) The court is vested with broad discretion in determining whether to reinstate probation following revocation of probation (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1315), and its decision to revoke probation is reviewed for an abuse of discretion. (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.) "[G]reat deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) "'[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.'" (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)

"[T]he court has jurisdiction, upon revocation of probation, to place the defendant upon a new probation, with new conditions." (*In re Bine* (1957) 47 Cal.2d 814, 817.)

The trial court conducted a probation violation hearing at which appellant was represented by counsel. Many of appellant's assertions, as well as his challenges to the court's finding that he violated his probation, are of no consequence in view of his admission to the probation violation. (See *People v. Turner* (1985) 171 Cal.App.3d 116, 125-126.) The record shows that on December 8, 2010, the court did in fact modify probation to require appellant to "do 60 days of Caltrans" and to report back on June 8, 2011, with proof of completion. The court also made it clear that the previously suspended prison term of 11 years 10 months would be imposed if appellant did not comply with the modification. Thus when appellant returned to court on June 8, 2011, and had not completed 60 days of Caltrans service, the court was authorized to revoke probation on that ground. There was no error. With regard to appellant's contentions regarding his sentence and credits, the trial court properly sentenced him and corrected his credits.

4

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.